**In re AUTO SPECIALTIES MANUFAC-TURING COMPANY, a Michigan Corporation, Debtor.**

**AUTO SPECIALTIES MANUFACTUR-ING COMPANY, a Michigan Corporation, Debtor-in-Possession, Plaintiff,**

**v.**

**Benjamin SACHS and Manufacturers National Bank of Detroit, a National Banking Association, Defendants.**

Bankruptcy No. SK 88–03095.
Adv. No. 88–0527.

United States Bankruptcy Court,
W.D. Michigan.

Oct. 31, 1991.

Jeffrey R. Hughes, Grand Rapids, Mich., for Manufacturers Nat. Bank of Detroit.

Mark D. Evans, Bloomfield, Hills, Mich., for Benjamin Sachs.

James W. Boyd, trustee.

John E. Anding, Grand Rapids, Mich., Special Counsel, for trustee.

## OPINION REGARDING EXCUSABLE NEGLECT STANDARD OF FED.R.BANKR.P. 9033(c)

JO ANN C. STEVENSON, Bankruptcy Judge.

At issue is the interpretation and application of the "excusable neglect" standard of Fed.R.Bankr.P. 9033(c). Necessarily this is a core proceeding falling within the ambit of 28 U.S.C. § 157(b)(2)(A) and thus pursuant to 28 U.S.C. § 157(b)(1) the court may enter a final order subject to appellate review under § 158.

We start with the pertinent facts.

On September 23, 1991 a hearing was held on Auto Specialties Manufacturing Company's ("AUSCO's") motion to file fourth amended complaint. On September 25, 1991 the report and recommendation regarding AUSCO's motion to file fourth amended complaint ("R & R III"), proof of service, and notice were served by first class mail on the following parties and their counsel: John E. Anding, Esq., special counsel for Trustee James W. Boyd; Jeffrey R. Hughes, Esq., counsel for Manufacturers National Bank of Detroit; Mark D. Evans, Esq., counsel for Benjamin Sachs; James W. Boyd, Chapter 7 Trustee; Michael Main, Vice President, Manufacturers National Bank of Detroit; and Benjamin Sachs. The accompanying notice specifically stated in relevant part as follows:

PLEASE TAKE NOTICE that parties to this action have 10 days [or longer if an extension is granted pursuant to Fed.R.Bankr.P. 9006(b) and 9033(c)] to file written objections which identify these specific proposed findings or conclusions objected to and state the grounds for such objections in compliance with Fed.R.Bankr.P. 9033(b).

Neither objections nor a request for an extension to file written objections having been filed by October 7, 1991, the applicable period provided for by 9033(c), R & R III was forwarded to the district court for filing on October 8, 1991.[1] The parties and their counsel were copied in the October 8, 1991 transmittal letter addressed to the district court clerk accompanying R & R III.

AUSCO's objections to R & R III were time stamped as received by the bankruptcy court clerk on October 10, 1991 at 3:31 p.m.. They were not, as asserted by AUSCO in its brief, mailed, but rather were hand-delivered to the court.

On October 11, 1991 Mark Van Allsburg, Clerk of the Bankruptcy Court, forwarded AUSCO's objections to R & R III and brief

---

1. AUSCO claims that the Bank agrees with its assertion that the last date for timely filing objections was October 8, not October 7. The Trustee is incorrect as to both assertions. In arriving at the October 8 date, AUSCO counted ten (10) days from September 25, the date the court mailed R & R III, adding three (3) additional days pursuant to Fed.R.Bankr.P. 9006(f). Rule 9006(f), however, does not automatically grant an additional three (3) days every time there has been service by mail. The rule applies only when the "prescribed period" is fixed by the date on which notice is served. Nor does it apply where all notices are served by mail. *See Matter of Robintech, Inc.*, 863 F.2d 393, 395 (5th Cir.1989) *cert. denied* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989). Here all parties were served by mail with the deadline for filing objections set by 9033(c). We do not read the Bank's statement that "AUSCO had *until* October 8 to file either its objections to R & R III or request an extension of time" as concurrence that the objections could be filed *on* October 8.

in support to District Court Clerk C. Duke Hynek. The transmittal letter stated that based on 9033(c) the objections appeared to be untimely. Again, a copy of the transmittal letter was sent to all parties and their counsel previously listed in this opinion.

Our next communique was AUSCO's emergency motion for enlargement of time pursuant to 9006(b)(1), brief in support, and affidavit of Christopher G. Hastings, all filed with the bankruptcy court at 10:41 a.m. on October 15, 1991. The Hastings affidavit states that AUSCO missed the deadline because a member of the firm's clerical staff computed the deadline date pursuant to the wrong rule.

By letter Mr. Van Allsburg advised the clerk of the district court of the receipt of these documents and that upon my determination of the excusable neglect issue, the district court would be advised forthwith so R & R III could be considered, with or without AUSCO's objections. Once more all parties and their counsel were copied on this letter.

On October 17, 1991 Manufacturers National Bank of Detroit ("Bank") filed its objection to AUSCO's emergency motion for enlargement of time pursuant to 9006(b)(1) and brief in support.

Finally, on October 18, 1991 AUSCO filed its reply to the Bank's objection.

Having brought current the saga of R & R III we believe a short discourse on the report and recommendation procedure is warranted. Because the Chapter 7 Trustee continues to refuse to consent to this court's entry of final orders or judgments as to non-core matters, 28 U.S.C. § 157(c)(1) requires that in all "such proceedings, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court ...".

*Fed.R.Bankr.P. 9033, Review of Proposed Findings of Fact and Conclusions of Law in Non–Core Proceedings*, sets out the requisite time-frames and procedures to be followed by counsel, the bankruptcy court and the district court in filing and resolving objections to the bankruptcy court's proposed findings of fact and conclusions of law, commonly referred to as the bankruptcy judge's report and recommendation.

*9033(b) Objections: Time for Filing*, requires that objections be filed within 10 days of service of the report and recommendation—here, October 7, 1991. Rule 9033 does provide some latitude, however. Part (c) Extension of Time states:

The bankruptcy judge may for cause extend the time for filing objections by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing objections must be made before the time for filing objections has expired, *except that a request made no more than 20 days after the expiration of the time for filing objections may be granted upon a showing of excusable neglect.* (emphasis added).

Pursuant to the emphasized language of 9033(c), AUSCO's emergency motion for enlargement of time brought pursuant to 9006(b)(1) was timely filed. The parties do not dispute that the computation of any period of time allowed by the bankruptcy rules is governed by 9006(a), not Fed. R.Civ.P. (6)(a). *In re Eichelberger, Jr.,* 943 F.2d 536 (5th Cir.1991).

Turning our attention to the concept of "excusable neglect" we are immediately faced with whether to apply the excusable neglect standard of 9033(c) or that of 9006(b). We also consider whether under these facts it would make a difference which standard we use. AUSCO claims that we examine excusable neglect pursuant to 9006(b) while the Bank directs the court's attention to 9033(c).

The applicable portions of 9006(b)(1) and (3) state:

(b) *Englargement*

(1) In General. *Except as provided in paragraphs ... (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules ...,* the court for cause shown may at any time in its discretion ... (2) on motion made after the expira-

tion of the specified period permit the act to be done where the failure to act was the result of excusable neglect. (Emphasis added.)

. . . . .

(3) Enlargement Limited. The court may enlarge the time for taking action under Rules ... 9033, only to the extent and under the conditions stated in those rules.

The plain meaning of 9006(b)(1) and (3) supports the Bank's position.

■ Our search of the existing case law reveals only one reported decision which addresses excusable neglect within the parameters of 9033(c). *In re Sasson Jeans, Inc.,* 104 B.R. 600 (S.D.N.Y.1989). *Sasson Jeans* involved the district court's review of the objections to two certifications of contempt by Bankruptcy Judge Burton R. Lifland. District Judge Lasker found excusable neglect with respect to the failure to object to the bankruptcy court's contempt certifications within ten days of service even though the extension of time to file objections was not sought within the twenty days after the time for filing objections had expired. Judge Lasker specifically remarked that this was not a case where the objections were untimely because counsel was busy with other litigation. Rather, contemner Paul Guez, President, Chief Financial Officer, and sole stockholder of Debtor Sasson was unrepresented by counsel when the contempts were certified, having stated under oath that he could not afford counsel. Noting that Mr. Guez had not timely sought an extension, Judge Lasker pointed out that Defendant Guez was not represented by counsel during the twenty day period, but that once appointed, counsel immediately sought a stay to file objections pending the court's decision regarding whether Guez was competent to stand trial. The court concluded that a strict construction of the twenty day limitation would raise constitutional problems if the rule were "used to bar Guez's right to appeal and review by an Article III court, where the defendant was, during the relevant time period, without the counsel to which he is constitutionally entitled." (citations omitted) 104 B.R. at 603. Although the facts, the contempt proceeding, and the perceived constitutional and appeal problems do not exist here, it is significant that in finding excusable neglect, Judge Lasker noted that the trustee had not alleged any resulting prejudice. *Id.* at 604. Thus *Sasson Jeans* suggests that prejudice may be a component of finding excusable neglect under 9033(c).

Some guidance is afforded the court by the Advisory Committee Note (1987) following 9033(c).

Subdivision (c) is similar to Rule 8002(c) of the Bankruptcy Rules and provides for granting of extensions of time to file objections to proposed findings and conclusions.

Fed.R.Bankr.P. 8002(c) addresses the filing of appeals from bankruptcy decisions. *8002(c) Extension of Time for Appeal,* contains language virtually identical to that of 9033(c) as to requests made for an extension of time for filing a notice of appeal after the expiration of the time for filing such notice. Except for several situations not applicable here, 8002(c) provides

... except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect....[2]

The Advisory Committee Notes (1983) and (1991) offer no guidance as to either the application or meaning of excusable neglect. The Editors' Comment states that "excusable neglect may exist because of a variety of grounds and circumstances, including the death or disability of a party or attorney, or failure of the mails." (citations omitted).

Bankruptcy Rule 802(a) was the precursor to 8002(a). The Advisory Committee Note to 802(a) states that it "is an adaption

---

**2.** The remainder of 8002(c) states, "if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code."

of Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.App.P. 4(a)(5) states in relevant part that

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Both 802(a) and 4(a) parallel one another, their only difference being in the time limits they impose. Both rules provide for extensions made after the initial period has expired which may only be granted upon a showing of excusable neglect. Because of the similarities between the two rules, cases construing the timeliness requirement of the general federal appellate rule are helpful in construing 802. *See In re LBL Sports Center, Inc.*, 684 F.2d 410, 412, n. 3. (6th Cir.1982). Moreover, because Rule 802 is adapted from (4)(a) the standard of review for a finding of excusable neglect should be the same under both provisions. *In re Butler's Tire & Battery Co.*, 592 F.2d 1028, 1033 (9th Cir.1979). Since 8002(c) is virtually identical to 802(c), 8002(c)'s excusable neglect exception is to also be interpreted based on 4(a). *In re Dayton Circuit Courts No. 2*, 85 B.R. 51, 55 (Bankr.S.D.Ohio 1988). We therefore conclude that in examining the excusable neglect standard of 9033(c) we must be guided by Bankruptcy Rule 8002(c) and its precursor 802(c) as well as 4(a)(5). Accordingly, we have reviewed the cases decided under those rules in order to better comprehend both the meaning and application of the "excusable neglect" standard.

Courts have declined to find "excusable neglect" under 8002(c) where the delay was caused by an attorney's oversight or busy schedule, *Jacobson v. Nielsen*, 932 F.2d 1272 (8th Cir.1991); the attorney was involved in state court litigation, *In re Aponte*, 91 B.R. 9, 11–12 (Bankr.E.D.Pa. 1988); or counsel erred in interpreting the applicable rules, *In re Fisher*, 65 B.R. 261, 262 (Bankr.N.D.Ga.1986).

These decisions are clearly in line with those decided under 802(c). Counsel's misunderstanding of the applicable rules does not constitute excusable neglect, *In re Butler's Tire & Battery Co., Inc., supra;* nor is the failure to learn of the entry of the judgment from which appeal was sought when the fault is counsel's and not the lower court's, *In re Snow*, 23 B.R. 655, 657 (Bankr.E.D.Cal.1982); appellant's delay in filing a notice of appeal because written findings of fact and conclusions of law had not been entered was not excusable neglect, *In re Dahnken's of Santa Barbara, Inc.*, 11 B.R. 536 (9th Cir.BAP 1981); similarly, counsel's inability to contact his client because he sent a letter to him at a wrong address did not meet the standard of excusable neglect, *In re International Coating Applicators, Inc.*, 647 F.2d 121, 124 (10th Cir.1981); nor did the fact that counsel is "away" or the client is "involved in a shift of personnel" rise to the level of excusable neglect. *In re Soter*, 31 B.R. 986, 989 (D.Vt.1983). As noted in *Soter*, proper grounds might be failure to learn of entry of judgment, death or disability or [sic] a party or attorney, or failure of the mails. 31 B.R. at 989, n. 6.

Finally, we review those decisions which have examined *Rule 4. Appeal as of Right—When taken (a) appeals in civil cases.* Subsection (5) of 4(a) contains an excusable neglect standard for extending the time to file an appeal after the appeal period has expired. Counsel's misreading of the applicable rule may show neglect but does not make the neglect "excusable." *Harlan v. Graybar Electric Co., Inc.*, 442 F.2d 425 (9th Cir.1971); principal counsel's nonreceipt of notice of the trial court's denial of a motion was not excusable neglect, because co-counsel did receive notice. *Gooch v. Skelly Oil Co.*, 493 F.2d 366 (10th Cir.1974), (*cert. denied* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974)).

The case which comes closest to the instant one is *Airline Pilots v. Executive Airlines*, 569 F.2d 1174 (1st Cir.1978). There counsel missed filing the notice of appeal by some 10 days. The reason given was that through inadvertence or mistake a secretary in counsel's office incorrectly diaried September 11 instead of September 1 as the expiration date for filing the notice

of appeal. The court soundly rejected this mistake as rising to the level of excusable neglect. Quoting from *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), the court remarked that

> Excusable neglect calls for "circumstances that are unique or extraordinary." (citations omitted.) If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless.

569 F.2d at 1175.

In applying 4(a)(5) the Sixth Circuit has adopted a strict standard to be met only in extraordinary cases. In *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir.1989), Judge Merritt wrote that it is well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances. Citing *Airline Pilots*, *supra* with approval, the court found no excusable neglect where counsel did not learn of the judgment in the five days between entry by the district court and counsel's departure for vacation, learned of the order only seven days after his return from vacation, and "miscalculated" the time period for filing thus filing the notice late. The court found these errors taken together as indicative of inadvertence arising from lack of diligence. And in *Baker v. Raulie*, 879 F.2d 1396 (6th Cir.1989), the court soundly rejected as excusable neglect movant's explanation that the failure to timely file a notice of appeal was that his attorney was in trial. "This is not the sort of unique and extraordinary circumstances that warrant the granting of an extension to appeal under 4(a)(5)'s 'excusable' neglect standard." 879 F.2d at 1399.

While we necessarily reject AUSCO's contention that the applicable rule is 9006(b), our examination of those cases addressing the excusable neglect standard under 9006(b) does not differ markedly from those earlier discussed in this opinion. For example, the Honorable Arthur J. Spector held that excusable neglect did not exist where counsel admitted he was unaware of the applicable rules, *In re Earl*

*Roggenbuck Farms, Inc.*, 51 B.R. 913 (Bankr.E.D.Mich.1985); or the creditor failed to determine the accuracy of her claim as listed in debtor's schedules, although it was clearly within her reasonable control to do so, *In re Analytical Systems, Inc.*, 933 F.2d 939, 942 (11th Cir.1991).

At this juncture we feel compelled to note that not too surprisingly AUSCO cited no cases in support of its emergency motion for enlargement of time. Instead, movant attempted in its reply brief to distinguish those cases cited in the Bank's objection. Without discussing either the facts or the rule, or applying the instant facts to the rule, AUSCO simply states that in *Pioneer Investment Services*, 943 F.2d 673 (6th Cir.1991) the Sixth Circuit

> ... urged a liberal interpretation of the excusable neglect standard and held that the lower court "unjustifiably punished the plaintiff for the sins and neglect of their lawyer."

AUSCO's brief at 6.

In *Pioneer Services* creditors' proofs of claim were allowed as timely filed by the Sixth Circuit under the excusable neglect exception, because the late filing was caused by their attorney's error. The court determined that since the creditors had been assured by their counsel that there was no urgency in filing their claims, and the form which contained the bar date for filing claims was ambiguous, absent prejudice to the debtor, and if the fault is clearly attributable to the attorney, the claims should be allowed.

A close reading and analysis of *Pioneer Services* indicates it is not determinative. First, by its terms *Pioneer Services* is limited to filing proofs of claim under Rule 9006(b). Significantly, the Sixth Circuit analyzed the creditors' inability to file claims, absent a finding of excusable neglect, as comparable to letting stand a default judgment. Judge Jones explained that, "... the policy of hearing claims on the merits weighs in favor of allowing the claims to go forward."

A comparable result will not occur here. AUSCO has already been given a full hearing on its request to file a fourth amended

complaint. And pursuant to 9033(d) Judge Bell will consider this court's report and recommendation. If AUSCO disagrees with Judge Bell's decision, the Trustee will still have his full panoply of appeal rights.

Finally, we think it significant that in *Pioneer Investment,* the court found the applicable bar date not in a court rule but rather buried in an ambiguous form produced by the bankruptcy court clerk's office.

We have concluded here that 9006(b) does not govern. Should an appellate court disagree with this conclusion, we believe it prudent to address the five factors of *In re Dix,* 95 B.R. 134 (9th Cir.BAP 1988), cited with approval in *Pioneer Services* as a guide to the proper interpretation of 9006(b)'s excusable neglect standard. We undertake this analysis in order to establish a fuller record in the event of an appeal.

(1) *Whether granting the delay will prejudice the debtor.* Here it is the Trustee who is requesting the relief. Thus, we do not believe that the delay is prejudicial to the debtor. Nevertheless we do believe that this additional delay is prejudicial to both the Bank and the bankruptcy court. With the rising case load, it is even more crucial that counsel who choose to practice in the bankruptcy court, as has Mr. Anding, acquaint themselves and adequately instruct their staff as to the correct court rules so as to avoid unnecessary delays in deciding pending issues.

(2) *The length of the delay and its impact on efficient court administration.* Although AUSCO claims the delay in failing to timely file their objections is only a few days, in actuality this delay has already grown to several weeks. To properly address this issue, the court has had to expend already limited time and resources to do the appropriate research necessary to produce this opinion. If excusable neglect were found to exist there would be an additional delay to permit the Bank to file its response pursuant to 9033(b) to what would then become AUSCO's timely objections. These delays disrupt the efficiency of the court's administration of this adver-

sary proceeding which has been pending against the Bank for nearly three years and some thirty-nine months as to Mr. Sachs. In point of fact, unreasonable delay was a prime reason for this court's issuance of R & R III recommending denial of AUSCO's motion to file fourth amended complaint. Now we are again faced with another delay, this one caused by counsel's failure to follow the correct rules.

(3) *Whether the delay was beyond the reasonable control of the person whose duty it was to perform.* The answer must clearly be no. The delay was caused by counsel's failure to not only advise the appropriate personnel in his office of the correct rules to follow but also to independently ascertain that his staff was doing so. *Pioneer Investment* involved notice of a bar date for filing proofs of claim in a chapter 7 bankruptcy. Creditors and their counsel necessarily rely on the bankruptcy court to inform them of this date. The present case relates to the proper date for filing objections to a report and recommendation, the deadline for which can be found not only by consulting the Bankruptcy Rules, but was also contained in the Notice accompanying R & R III. The failure to read and instruct staff as to the correct rule and to instead leave it to counsel's clerical staff to select and interpret the applicable rule can hardly be said to constitute a source of delay beyond counsel's reasonable control.

(4) *Whether the creditor acted in good faith.* Since the Bank has acted in good faith the question must be rephrased to inquire if the Trustee has also so acted. Nothing indicates that the answer to this question is other than in the affirmative.

(5) *Whether clients should be penalized for their counsel's mistake or neglect.* Unlike the failure to timely file a proof of claim, the penalty here will be slight. As previously stated, Judge Bell will consider R & R III pursuant to 9033(d). To the extent that AUSCO disagrees with the order he ultimately enters, the right of appeal remains.

While approving of the *Dix* factors, the Sixth Circuit warned that they should be

used only as an aid on a case-by-case basis rather than viewed as a necessary or complete list of all the factors to be considered. Our analysis here has included far more than reliance on the *Dix* factors.

 Whether the rule at issue is 8002(c), 802(c), 9006(b)(1), or 4(a)(5) the determination of what actions constitute "excusable neglect" is a matter left to the discretion of the trial judge; *Baker v. Raulie, supra; Marsh v. Richardson*, 873 F.2d 129 (6th Cir.1989); *Manhattan–Ward, Inc. v. Grinnell Corporation*, 490 F.2d 1183 (2d Cir.1974); *Matter of Washington Group, Inc.*, 476 F.Supp. 246, 249 (M.D.N.C.1979), *aff'd*, 636 F.2d 1215 (4th Cir.1980), *cert. denied*, 452 U.S. 940, 101 S.Ct. 3084, 69 L.Ed.2d 954 (1981); *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515 (9th Cir.1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984); *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733 (5th Cir.1967); *Beaufort Concrete Company v. Atlantic States Construction Company*, 352 F.2d 460 (5th Cir. 1965), *cert. denied*, 384 U.S. 1004, 86 S.Ct. 1908, 16 L.Ed.2d 1018 (1966); and *In re Yoder Co.*, 758 F.2d 1114 (6th Cir.1985). The court's ruling as to the existence or the nonexistence of excusable neglect in a particular case will be upset only upon a finding that the trial court has abused its discretion. *Graham v. Pennsylvania R.R.*, 342 F.2d 914 (D.C.Cir.1964), *cert. denied* 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965); *In re Butler's Tire and Battery Co., supra.* That is, the reviewing court must have a definite and firm conviction that the court below committed a clear error of judgment. *Matter of Washington Group, Inc., supra.* The burden of demonstrating excusable neglect to the court's satisfaction rests on the party seeking the extension. *Yonofsky v. Wernick*, 362 F.Supp. 1005, 1012 (S.D.N.Y.1973).

In his affidavit in support of his motion for enlargement of time Christopher G. Hastings, an associate attorney in the Drew, Cooper & Anding firm of lead counsel John Anding, explains that he failed to act within the appropriate time limitations because a staff member at Drew, Cooper & Anding internally docketed the response date to R & R III pursuant to Rule 6 instead of Rule 9006 thus incorrectly excluding intermediate Saturdays and Sundays from the ten day period. And further, that counsel Hastings "... due to the press of [his] own schedule" entered the response date upon his own calendar neglecting to ascertain that it had been correctly calculated. Mr. Hastings asserts that the objections were prepared and would have been timely filed save for the fact that the deadline was incorrectly calculated by his clerical staff and not double checked by the attorney. In requesting that the late filed objections be deemed timely filed, he claims there is no prejudice and that his error is slight.

Although the term excusable neglect is not defined in 802(c), 8002(c), 9006(b)(1), 9033(c), or 4(a)(5) we think that whether neglect is excusable must be determined by a combination of a review of the applicable cases and application of the common sense meaning of the two words to the case at hand.

 Having done both, we simply do not see how the error here amounts to excusable neglect. Lead counsel's knowledge of the rules must be imputed to his associate at the Drew, Cooper & Anding firm. Further, we are unable to justify as excusable counsel's failure to instruct all persons working on this file that the Federal Rules of Bankruptcy Procedure apply. Since taking on this matter in February of 1989, counsel has been through the report and recommendation drill on two occasions. This was his third. In fact, only this past spring, Mr. Anding felt it necessary to enlighten counsel for the Bank on how one calculates time under 9006, the very rule which was ignored in calendaring this matter.[3] Moreover, along with R & R III,

---

**3.** The court record contains our carbon copy of the April 11, 1991 letter from John Anding, Trustee's Counsel, to Jeffrey Hughes, Bank's counsel. In that letter Mr. Anding requests an extension of time to file objections to R & R I. The significance of the letter is that it refers to the correct rule for calculating time, Rule 9006, although it incorrectly seeks an additional three

counsel was also served with a separate document entitled Notice explicitly referencing 9006 and 9033. Presumably that notice was turned over to the staff person along with R & R III. When attorneys practice in the bankruptcy court they are charged with a knowledge of the Federal Rules of Bankruptcy Procedure and the local rules of the court which govern any particular proceeding. They are also responsible for ascertaining that all members of the firm who work on the file are also made aware of the applicable rules, especially when the rules are as important as those which set deadlines. To this end we find especially cogent Judge Spector's statement,

> If the inability of competent counsel to know and abide by the rules constitutes excusable neglect, then there is in fact no purpose for the rules; nearly any failure, short of a conscious, willful failure to obey the rules for tactical purposes, would become excusable. We do not find that potential result palatable.

*In re Earl Roggenbuck Farms, Inc.,* 51 B.R. at 920.

The Trustee and his counsel sought to invoke the report and recommendation procedure. By doing so they have had the benefit of having the major issues decided first by this court and then reviewed *de novo* by District Judge Bell pursuant to 9033(d). This has caused duplicative work for opposing counsel, as well as the bankruptcy and district courts. The benefit to AUSCO has been in having "two bites of the apple" while still preserving the trustee's ultimate appeal rights. These benefits, however, necessarily bring with them some minimal burdens—among them the

knowledge of and compliance with the correct rules. Under the circumstances of this case, and the analysis contained in the decisions cited herein, we find prejudice as to both the court and the Bank. We further find the absence of any unusual or extraordinary circumstances which would justify invocation of the excusable neglect doctrine. We do find that counsel's mistake was neglectful; we simply do not find that neglect excusable.

days (See Footnote 1). The body of the letter states in its entirety as follows:

> So there is no misunderstanding our requested extension through May 6, 1991, is in compliance with the Bankruptcy Rules you cited in your April 10, 1991, letter. Under Rule 9033 we are afforded ten (10) days after being served with the Court's Report and Recommendation to file objections. However, Rule 9006 provides that since we are required to do an act within a proscribed time period after service of the Report and Recommendation by mail we are entitled to an additional three (3) days. Adding the twenty (20) days

> sought under our request for enlargement of time to the thirteen (13) to which we are otherwise entitled equals thirty-three (33) days. I think you will find that if you count thirty-three (33) calendar days from the date of the Court's Report and Recommendation you will find that the deadline for filing our objections would fall on May 5, 1991. However, because under Rule 9006 a deadline which falls on a Sunday is extended to the following day which is otherwise not a legal holiday we are entitled to a further extension of the deadline until May 6, 1991.