**In re Denny MORELOCK and Kimberly Morelock, Debtors.**

**Bankruptcy No. 91–32995.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 17, 1992.

Louis S. Kovacs, Toledo, OH, for debtors.

James S. Nowak, Toledo, OH, creditor.

Elizabeth A. Vaughan, Toledo, OH, trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court for Hearing on Motion for leave to File Proof of Claim by Creditor James Nowak. The Debtors were duly notified of the hearing but failed to appear. The Trustee, Elizabeth Vaughan and Creditor, Attorney James Nowak, had the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, Creditor, James Nowak's, Motion for Leave to File Proof of Claim should be Denied.

## FACTS

The Debtors, Denny and Kimberly Morelock, filed a petition for liquidation under Chapter 7 of the Bankruptcy Code on July 29, 1991. James Nowak, purchaser of claims against Debtors, was listed on the schedule as an unsecured creditor with a claim of Nine Hundred Fifty Seven and 45/100 Dollars ($957.45). The Meeting of Creditors was scheduled for September 17, 1991. Notice of the Meeting of Creditors was mailed to James Nowak, Assignee, on August 22, 1991 via the Bankruptcy Automated Noticing System (hereafter "BANS"). On December 26, 1991, notice was generated through BANS advising creditors that the Debtors had been released from all dischargeable debts on December 19, 1991. This notice was issued to James Nowak, Assignee. None of these notices addressed to James Nowak, Assignee, were returned to the Bankruptcy Clerk.

The Trustee, Elizabeth Vaughan, filed Notice of Intent to Compromise Claims on May 4, 1992. The Certificate of Service indicates that all creditors listed on the schedule, including James Nowak, were served. On June 4, 1992, Attorney D. Michael Reny filed an Application by Attorney for Compensation in an underlying personal injury case. Again, a notice specifying the hearing date on the application was generated through BANS and mailed to James Nowak, Assignee, on June 30, 1992. Attorney Reny amended his Application and a notice of hearing on the amended Application was likewise issued to James Nowak, Assignee on July 6, 1992. Neither the initial notice or the amended notice were returned to the Bankruptcy Clerk.

On October 23, 1992, Mr. Nowak filed a Motion for Leave to File Proof of Claim. On December 7, 1992, a hearing was convened on the merits of Mr. Nowak's motion. At the hearing, Mr. Nowak explained that perhaps BANS had inadvertently placed his notice in another creditor's envelope. He is certain that if his office had received notice, the requisite Proof of Claim would have been filed immediately. Mr. Nowak independently discovered that notice to file proof of claims had been

issued while making a routine follow-up as to the status of the Trustee's intent to compromise claim. Mr. Nowak further argued that although there is a presumption that notice was received, said presumption is rebuttable upon his assertion that service was not received.

During the hearing, the Trustee reported that the estate account has a balance of Twelve Thousand Five Hundred Ninety Three and 98/100 Dollars ($12,593.98). The unsecured claims total Twelve Thousand Nine Hundred Fifty Nine and 51/100 Dollars ($12,959.51) and there are two contested claims totalling approximately Six Thousand Eight Hundred and 00/100 Dollars ($6,800.00). The Trustee's fees and expenses total approximately One Thousand and 00/100 Dollars ($1,000.00). The Trustee does not consent to granting Mr. Nowak leave to file a Proof of Claim.

## LAW

The relevant law reads in part as follows:

**Rule 3002. Filing Proof of Claim or Interest.**

**(a) Necessity for Filing.** An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed except as provided in Rules 1019(3), 3003, 3004 and 3005.

**(c) Time for Filing.** In a chapter 7 liquidation, *chapter 12 family farmer's debt adjustment,* or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, ...

**Rule 9006. Time.**

**(b) Enlargement.**

**(1) In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order of (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

## DISCUSSION

The first meeting of creditors was held on September 17, 1991. The deadline for filing a timely Proof of Claim was December 17, 1991. Mr. Nowak's Motion for Leave to File Proof of Claim was filed on October 23, 1992. Attached thereto is the original Proof of Claim. Mr. Nowak seeks leave of Court to file an original Proof of Claim for the reason that he did not receive the requisite Notice to File Proof of Claim. In support of his motion, Mr. Nowak espouses a two-pronged argument. First, the Notice to file Proof of Claim was perhaps inadvertently placed in an envelope addressed to another creditor. He never received the requisite notice and consequently, he failed to file a timely Proof of Claim. Although he concedes that notice is presumed received upon mailing, his allegation of nonreceipt automatically rebuts the presumption. See *In re Yoder Company,* 758 F.2d 1114 (6th Cir.1985). Second, his failure to file in a timely manner results from acts beyond his control. Those acts which were beyond his control constitute "excusable neglect". Under Bankruptcy Rule 9006(b), the time for filing a Proof of Claim should be enlarged.

The Court in this case takes judicial notice of its official case file in which notice was mailed to Mr. Nowak, Assignee, on at least four (4) occasions through BANS. The file does not contain envelopes returned from the Postmaster which are addressed to Mr. Nowak. The presumption exists that notices were prepared by BANS, correctly addressed, mailed, and received by Mr. Nowak. The burden therefore shifts to Mr. Nowak to rebut the presumption.

Upon review of the Court's docket as well as the evidence presented, this Court finds that Mr. Nowak's representations, if

credible, merely prove that he did not receive the requisite notice advising him to file a claim. There is no evidence that his office personnel did not receive notice. The Court finds Mr. Nowak's representations particularly suspect considering that there were four (4) notices generated from BANS and correctly addressed to Mr. Nowak. None of the notices mailed to Mr. Nowak were returned to the Bankruptcy Clerk's Office.

Assuming *arguendo* that Mr. Nowak did not receive the Notice to File Proof of Claim, there is no proof that he did not receive the three (3) additional notices issued to him. It is interesting to note that none of these notices jarred his memory regarding the Debtor's petition in bankruptcy. On or about December 26, 1991, Mr. Nowak received Notice of Discharge. On or about October 23, 1992, Mr. Nowak received notice of hearing on Attorney Reny's application for compensation. On or about July 6, 1992, Mr. Nowak received notice of hearing on Attorney Reny's amended application Yet, Mr. Nowak's first contact with the Court regarding his Proof of Claim is on October 23, 1992, more than three (3) months after receipt of the last notice from this Court. Based upon this evidence, Mr. Nowak has failed to rebut the presumption that he received Notice to File Proof of Claim.

█ The second prong of Mr. Nowak's argument states that the time within which he is permitted to file his claim should be enlarged since he did not receive Notice to File Claim. The Proof of Claim attached to his motion should therefore be deemed timely filed.

█ Permission to file a late proof of claim is governed by Bankruptcy Rules 9006(b). *In re Chateaugay Corporation,* 104 B.R. 617 (Bankr.S.D.N.Y.1989) citing *In re Sasson Jeans, Incorporated,* 96 B.R. 457 (Bankr.S.D.N.Y.1989). Rule 9006(b) specifies that upon expiration of the specified period, the Court has discretion to enlarge the time in which one's failure to act is the result of excusable neglect. What constitutes "excusable neglect" is a matter generally left up to the discretion of the trial judge. *In re Yoder Co.,* 758 F.2d 1114 (6th Cir.1985). The Court's determination regarding whether excusable neglect exists, will only be subverted upon a showing that the trial court abused its discretion. *In re Auto Specialties Mfg. Co.,* 133 B.R. 384 (Bkrtcy.W.D.Mich.1991) citing *(Graham v. Pennsylvania R.R.,* 342 F.2d 914 (D.C.Cir.1964), *cert. denied* 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965)). The burden of demonstrating excusable neglect to the court's satisfaction rests on the party seeking the extension. *In re Auto Specialties Mfg. Co.,* 133 B.R. 384 (Bkrtcy. W.D.Mich.1991) citing *(Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973)).

In *In re Pioneer Inv. Services Co.,* 943 F.2d 673 (6th Cir.1991) the Court adopted the standards for assessing "excusable neglect" as previously applied by the Ninth Circuit in *In re Dix,* 95 B.R. 134 (Bankr. 9th Cir.1988). In *Dix,* at page 138, the Court articulates five factors for consideration in whether a creditor has satisfied the requirements regarding excusable neglect as found in Bankruptcy Rule 9006. The factors are as follows: 1) whether granting a delay will prejudice the debtor; 2) the length of the delay and its impact on efficient court administration; 3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; 4) whether the creditor acted in good faith; and 5) whether clients should be penalized for their counsel's mistake or neglect.

Mr. Nowak's sole argument regarding his failure to timely file a Proof of Claim emanates from his failure to receive the requisite notice. Since Mr. Nowak has failed to rebut the presumption that he received notice, he is left without excuse. Mr. Nowak has failed to establish any additional facts which constitute excusable neglect. Absent the excuse that he failed to receive notice, there is no evidence for this Court to consider in determining whether "excusable neglect" exists.

The evidence given this Court by Mr. Nowak can not withstand the scrutiny of standards regarding excusable neglect as set forth in *In re Pioneer, supra.* Mr.

Nowak's request for an enlargement under Bankruptcy Rule 9006(b) should therefore be denied.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Creditor, James Nowak's, Motion for Leave to File Proof of Claim is DENIED.