**In re GOLODETZ CORPORATION, et al., Debtors.**

**In re VE SERVICE AND ENGINEERING CORP., Debtor.**

**GOLODETZ CORPORATION and VE Service and Engineering Corp., Plaintiffs,**

v.

**Jonathan LAWSON, Manfred Schmidt, Desiree Koozer, Stewart A. Alexander, Danny Owens and U.S. Hydroflame Technology, Defendants.**

**Bankruptcy Nos. 95 B 44803 (BRL), 95 B 44801 (BRL), 95 B 44802 (BRL), 95 B 44804 (BRL), 95 B 44805 (BRL) and 96 B 42796 (BRL).**

**Adv. No. 96–8599A.**

United States Bankruptcy Court, S.D. New York.

July 24, 1996.

---

Salomon Green & Ostrow, P.C. by Chester Salomon, David Green, New York City, for Debtors/Plaintiffs.

Law Offices of Fuller & Eason by Roger Fuller, Dallas, Texas, for Defendants.

Ira R. Abel, New York City, Local Counsel to Defendants.

*MEMORANDUM DECISION AND ORDER DENYING APPLICATION FOR DECLARATION THAT DEFENDANTS' OBJECTIONS WERE UNTIMELY FILED AND GRANTING APPLICATION TO EXTEND PLAINTIFFS' DEADLINE TO RESPOND TO OBJECTIONS*

BURTON R. LIFLAND, Bankruptcy Judge.

The primary issue addressed by this memorandum decision is whether Rule 9006(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") serves to extend the time for filing objection under Rules 9020(c) and 9033(b). This "timeliness" controversy, however, cloaks an underlying issue of the defendants' entitlement to *de novo* review of this court's earlier finding of contempt.

## BACKGROUND

On May 16, 1996, upon the motion of Golodetz Corporation ("Golodetz"), this court issued a Temporary Restraining Order (the "TRO") against Jonathan Lawson, Manfred Schmidt, Desiree Koozer, Stewart Alexander, Danny Owens and U.S. Hydroflame Technology (the "Defendants") prohibiting Defendants from disposing of certain corporate assets of VE Service & Engineering Corp. ("Vesec" and together with Golodetz, the "Debtors"), and directing Defendants to return any Vesec property in their possession. On May 23, 1996, this court issued a Preliminary Injunction which continued the TRO and added a prohibition against the use of any and all Vesec property by Defendants.

Shortly thereafter, the Debtors filed an Order to Show Cause why Defendants should not be held in civil contempt for violation of the TRO and the Preliminary Injunction. A hearing was held on June 11, 1996 at which certain Defendants appeared by counsel. On June 20, 1996, this court issued Findings of Fact and Conclusions of Law (the "Contempt Order") finding Defendants in civil contempt pursuant to Bankruptcy Rule 9020. The Contempt Order provided that the Defendants had ten days to purge their contempt and that, pursuant to Bankruptcy Rule 9020, the order would be effective ten days after service by the Clerk of the Court. The Contempt Order was served by mail by the Clerk on June 21, 1996. The Defendants filed their objections (the "Objections") on July 2, eleven days after service of the Contempt Order.

The Debtors now seek an order declaring that the Defendants' objections were untimely. Alternatively, if the Objections are deemed timely, the Debtors seek an extension of time to file their responses to the Objections pursuant to Rule 9033(b).

## DISCUSSION

■ Pursuant to Bankruptcy Rules 9020(c) [1] and 9033(b),[2] a potential contemnor

1. Bankruptcy Rule 9020(c) provides:
   Service and Effective Date of Order; Review. The clerk shall serve forthwith a copy of the order of contempt on the entity named therein. The order shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court unless, within the 10 day period, the entity named therein serves and

   files objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall be reviewed as provided in Rule 9033.
   FED.R.BANKR.P. 9020(c).

2. Bankruptcy Rule 9033(b) provides:
   Objections: Time for Filing. Within 10 days after being served with a copy of the proposed

has 10 days within which to file an objection to the finding of contempt or the right to *de novo* review of the finding by the district court is deemed waived. *See* FED. R.BANKR.P. 9020(c) and 9033(c); *In re Nantahala Village, Inc. v. NCNB Nat'l Bank (In re Nantahala Village, Inc.),* 976 F.2d 876, 880 (4th Cir.1992); *In re Sasson Jeans, Inc.,* 104 B.R. 600, 603 (S.D.N.Y.1989); *see also Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988) (citing *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)); *cf. Small v. Secretary of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (discussing limited exception for pro se litigants to waiver of review rule in the context of Rule 72 of the Federal Rules of Civil Procedure ("FRCP")).

Bankruptcy Rules 9020(c) and 9033(b) were modeled after FRCP 72 which governs recommendations for dispositions of matters, including proposed findings of fact, by magistrate judges. *See Advisory Committee Notes* to FED.R.BANKR.P. 9033 (1987 Amendment); *In re Nantahala Village, Inc.,* 976 F.2d at 879–80; *In re Sasson Jeans, Inc.,* 104 B.R. at 603. Thus, the same 10 day time limit applies to FRCP 72 that applies to Bankruptcy Rule 9033.

The Advisory Committee Notes to FCRP 72 provide that:

This rule implements the statutory procedures for making objections to the magistrate's proposed findings and recommendations. The 10–day period, as specified in the statute, is subject to Rule 6(e) which provides for an additional 3–day period

findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 10 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge orders otherwise. FED.R.BANKR.P. 9033(b).

when service is made by mail. Although no specific provision appears in the Magistrates Act, the rule specifies a 10–day period for a party to respond to objections to the magistrate's recommendation.

*See 1983 Advisory Committee Notes* to FED. R.CIV.P. 72; *see also Lerro v. Quaker Oats Co.,* 84 F.3d 239, 241 (7th Cir.1996) ("Because Rule 72(b) requires the magistrate judge to 'serve' rather than just 'file' the recommendation, Fed.R.Civ.P. 6(e) comes into play"); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small,* 892 F.2d at 16.

FRCP 6(e) provides that:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

FED.R.CIV.P. 6(e).

■ Similarly, in a bankruptcy proceeding, when the date of service triggers a prescribed period and service is accomplished by mail, Bankruptcy Rule 9006(f), which is based on FRCP 6(e), serves to extend the period of time to object.[3] *See Advisory Committee Note* to FED.R.BANKR.P. 9006(f) (providing that "subdivision (f) is new and is the same as Rule 6(e) F.R.Civ.P.").

As explained by the court in *Lerro v. Quaker Oats Co.;*

Rule 6(e) is designed to give a litigant approximately the same effective time to respond whether papers are served by

3. Bankruptcy Rule 9006(f), provides "[w]hen there is a right or requirement to do some act ... within a prescribed period after service of a notice and the notice ... is served by mail, three days shall be added to the prescribed period." FED.R.BANKR.P. 9006(f). Conversely, where the time period for taking some sort of action begins to run from an event other than service, Bankruptcy Rule 9006(f) does not extend the time within which to act. *See In re Antell,* 155 B.R. 921, 928–29 (Bankr.E.D.Pa.1992) (listing examples where service by mail alone will not serve to extend the period for party to act); *In re Roberts,* 98 B.R. 664, 668–69 (Bankr.D.Vt.1989) (same).

hand or by mail. If service is by hand, then the time to respond starts immediately; if service is by mail, the party receives three extra days as an approximation of the time required for mail delivery, and on an average should have the same number of days to act as he would have had following service in hand.

*Lerro,* 84 F.3d at 242.

■ The Contempt Order was served by mail, allowing Defendants the ten days under Bankruptcy Rules 9020 and 9033 plus an additional three days under Bankruptcy Rule 9006(f). Accordingly, I find that the Objections were timely filed.

The case cited by the Debtors, *Auto Specialties Mfg. Co. v. Sachs (In re Auto Specialties Mfg. Co.),* 133 B.R. 384 (Bankr. W.D.Mich.1991), is in the first instance, distinguishable, and in the second, with respect to its application of Bankruptcy Rule 9006(f), is not supportive based on the analysis set forth herein.

Firstly, in *Auto Specialties* the bankruptcy court denied a debtor's motion for the enlargement of time for filing objections to the bankruptcy court's report and recommendation for denial of the debtor's motion to file a fourth amended complaint. The notice accompanying the report and recommendation specifically stated that the parties to the action had ten days [or longer if an extension was granted pursuant to Bankruptcy Rules 9006(b) and 9033(c) ] to file written objections to the report and recommendation. *Id.* at 385. The debtor's objections, however, were not filed until the fifteenth day after the notice was served. Accordingly, the *Auto Specialties* decision did not turn on whether Bankruptcy Rule 9006(f) extended debtor's time to object because the objections were

filed after the extended period expired anyway. However, in addressing the debtor's calculation of the time to object, the court noted that the three-day extension rule applies only when the "prescribed period" is triggered by the date on which the notice is served. *Id.* at 385, n. 1. While Bankruptcy Rule 9033 provides that the prescribed period to object is measured from the date on which notice is served, in *Auto Specialties,* unlike here, the notice specifically set forth the date by which objections had to be filed.[4]

Secondly, the *Auto Specialties* court adopted the finding of the Fifth Circuit in *Oppenheim, Appel, Dixon & Co. v. Bullock (Matter of Robintech, Inc.),* 863 F.2d 393 (5th Cir.), *cert. denied sub nom., Bullock v. Oppenheim, Appel, Dixon & Co.,* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989), providing that Bankruptcy Rule 9006(f) does not apply where all notices are served by mail. In *Robintech,* as with most chapter 11 cases, the bankruptcy court set a date certain (Valentine's Day in that case) by which all proofs of claim had to be filed against the estate. In such circumstance, the deadline for acting is independent of the date of service, and therefore, pursuant to the plain language of Bankruptcy Rule 9006(f), the three-day extension does not apply. *See, e.g., In re Roberts,* 98 B.R. 664, 668–69 (Bankr.D.Vt.1989). The *Robintech* court, however, did not limit its holding to those facts, and instead, relying on a case interpreting FRCP 6(e), *Carr v. Veterans Admin.,* 522 F.2d 1355, 1357–58 (5th Cir.1975), *Robintech* stated the purpose of the rule was only to guarantee that parties served personally would have no advantage over those served by mail.[5] Consequently, the court noted that where, as in the case before it, "all notices must be by mail, there

---

**4.** Even had the notice in this case specifically provided that objections were to be filed within ten days, it is not clear to this court that the three-day extension under Bankruptcy Rule 9006(f) would not apply in that Bankruptcy Rule 9006(c)(2) prohibits the court from reducing the time for taking actions under, *inter alia,* Bankruptcy Rule 9033(b).

**5.** *Carr,* however, involved a prescribed period under 28 U.S.C. § 2401(b) which commenced "with the 'date of mailing' and not with 'the service of a notice or other paper' as required for

Rule 6(e) to apply." *Carr,* 522 F.2d at 1357. The *Carr* court did note that its:

> reluctance to deviate from the strict language of Rule 6(e) in the context of a suit against the government is supported by the probable purpose of Rule 6(e): to equalize the time for action available to parties served by mail with that afforded those in person. This purpose is not relevant here where the period during which notice must be provided commences in the same way for all claimants.
>
> *Id.*

is no need for such compensation, as all parties are theoretically subject to the same delays." *Id.* at 395.

 The underlying purpose of FRCP 6(e), however, is "to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b)," which provides that service by mail is complete upon mailing. *Peete v. American Standard Graphic,* 885 F.2d 331, 331 (6th Cir.1989) (quoting 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1171, at 514 (1987 & Supp.1996) (hereinafter "WRIGHT & MILLER")); *see also Kessler Inst. for Rehabilitation v. NLRB,* 669 F.2d 138, 141 (3d Cir.1982) (without the enlargement of time granted by FRCP 6(e), a party would be penalized by being allotted less time to complete its task merely because an adversary chose to use the mail). For example, where a statute or rule provides a party with ten days from the date of service within which to respond, the rule merely maintains the full period within which that party must act, regardless of whether other parties have received personal service. The addition of three days merely represents a reasonable transmission time from the date of mailing to the date of receipt of papers and restores to the responding party the three days presumed lost during transmission. WRIGHT & MILLER, *supra; see also Lerro,* 84 F.3d at 242; *Mosel v. Hills Department Store, Inc.,* 789 F.2d 251, 253 (3d Cir.1986); *In re Antell,* 155 B.R. 921, 929 (Bankr.E.D.Pa.1992); *Brody v. Brody (In re Brody),* 97 B.R. 158, 160 (Bankr.E.D.N.Y.1989) (citing *Alford v. Continental Cas. Co.,* 376 F.Supp. 237 (E.D.Ky. 1974), *aff'd on other grounds,* 525 F.2d 514 (6th Cir.1975)). It is for this reason that this court respectfully disagrees with the narrow interpretation of the three day extension rules as applied by *Auto Specialties, Robintech* and its progeny [6] to the extent that they decline to apply the rules to situations in which all parties are served by mail.

 Even if Rule 9006(f) did not provide the Defendants with an additional three days, the one day delay is excusable based upon the standard articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 1496–97, 123 L.Ed.2d 74 (1993). As noted by the Second Circuit, excusable neglect may encompass delays "caused by inadvertence, mistake, or carelessness," at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party and movant's excuse has some merit. *LoSacco v. City of Middletown,* 71 F.3d 88 (2d Cir.1995) (citing *Pioneer Inv. Servs. Co., supra); see also United States Lines, Inc. v. United States (In re McLean Indus., Inc.),* 196 B.R. 670, 674–75 (S.D.N.Y.1996).

Here, there was only a one day delay in filing the Objections. Moreover, the Debtors themselves were served with the Objections in a timely manner and, thus, this court cannot find that the delay in filing prejudiced the Debtors. Further, there is no evidence of bad faith on the part of the Defendants.

Accordingly, the Objections are deemed timely. The Debtors' time to respond is extended as agreed to by the parties and noted on the record of the hearing.

It is so ordered.

---

6. *See, e.g., In re Barnhart,* 134 B.R. 580 (Bankr. W.D.Tex.1991).