Annette **CHANDLER**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. CV–93–A–973–S.

United States District Court,
M.D. Alabama, S.D.

March 9, 1994.

**52**

Eugene P. Spencer, II, Dothan, for plaintiff.

David L. Allred, Asst. U.S. Atty., Montgomery, for defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is now before the Court on Defendant's motion for summary judgment filed November 30, 1993. For the reasons stated below, the Court finds that Defendant's motion is due to be granted.

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

For purposes of this motion, the following facts are not in dispute:

On December 14, 1991, Plaintiff Annette Chandler slipped and fell outside the Dothan, Alabama, Northside Post Office. On August 28, 1992, Plaintiff filed a proper administrative claim for damages with the Postal Service. Plaintiff's claim was denied. Plaintiff requested reconsideration of her claim on January 28, 1993. The request for reconsideration was denied by certified letter dated February 10, 1993.

The February 10, 1993, letter was the final denial of Plaintiff's claim by the Postal Service. In that letter, it was stated that "if there is dissatisfaction with this final action, suit may be filed in the appropriate United States District Court, not later than six months from the date of the mailing of this letter, which is the date shown above [February 10, 1993]." On August 11, 1993, Plaintiff filed suit in this Court.

On November 30, 1993, Defendant filed a motion for summary judgment alleging that Plaintiff's claim is untimely. Plaintiff has responded to Defendant's motion. The Court now decides Defendant's motion for summary judgment.

### II. STANDARD OF REVIEW

Under *Fed.R.Civ.P.* 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322–23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c).

## III. ANALYSIS

The Court finds that Plaintiff's claim is barred by the limitations period contained in § 2401(b) of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2401(b).

The FTCA is a limited waiver of the United States' sovereign immunity allowing recovery for certain wrongful actions by the government or its employees. However, in establishing the waiver, Congress set forth specific limitations which apply to all claims under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Both of these limitations periods must be met for an action against the United States to be maintained in federal court.

In the case at bar, Defendant argues that Plaintiff did not comply with § 2401(b) because Plaintiff did not file her claim in this Court "within six months after the date of mailing ... of notice of final denial of the claim by the [Postal Service]." Plaintiff concedes that the normal six month period established by § 2401(b) ended on August 10, 1993. However, Plaintiff argues that the normal six month period of § 2401(b) is extended three days by Federal Rule of Civil Procedure 6(e) which reads as follows:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Since Plaintiff filed suit on August 11, 1993, it is barred by the six month limitations period contained in § 2401(b) unless the three day extension of Rule 6(e) applies to

lengthen such six month period. Thus, the issue this Court must decide is whether Rule 6(e) applies to § 2401(b). If Rule 6(e) does apply, Plaintiff may maintain her suit. If Rule 6(e) does not apply, Plaintiff's suit is untimely.

The Court holds that Rule 6(e) does not apply to § 2401(b), and therefore, Plaintiff's suit is untimely. The Court bases its holding on the plain language of the statute and the rule. The Court also bases its holding on applicable precedent.

A close reading of Rule 6(e) and § 2401(b) shows that the former does not apply to the latter. Rule 6(e) applies "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the *service* of a notice or other paper upon the party." (emphasis added by the Court). Under § 2401(b), however, the limitations period does not commence after *service* of notice. Instead, the six month limitations period commences "after the date of *mailing* ... of notice." (emphasis added by the Court). Thus, an examination of the relevant language shows that Rule 6(e) and § 2401(b) are incompatible.

The Court's holding in this case is supported by the former Fifth Circuit decision in *Carr v. Veterans Administration*, 522 F.2d 1355 (5th Cir.1975).[1] The *Carr* court held that Rule 6(e) does not modify the six month period of limitations contained in § 2401(b) because "[t]he prescribed period of limitations commences with the 'date of mailing' and not with the 'service of a notice or other paper,' as required for Rule 6(e) to apply." *Id.* at 1357.

The Ninth Circuit came to the same conclusion in *Hatchell v. United States*, 776 F.2d 244 (9th Cir.1985). The court explained its reasoning as follows:

> Congress has provided ... that the limitations period applicable to [the plaintiff's] claim runs from "the date of mailing," 28 U.S.C. § 2401(b), and not from "the service of a notice" as contemplated by Rule 6(e). *See, Carr v. Veterans Administra-*

**1.** In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

*tion,* 522 F.2d 1355, 1357 (5th Cir.1975). The rule is therefore not applicable to the case before us; and even if it were thought applicable, the statute would control. In the face of clear statutory language, we cannot "enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit." (citation omitted).

*Id.* at 246.

Thus, the plain language of Rule 6(e) and § 2401(b), as well as the applicable precedent, supports the conclusion that Rule 6(e) does not apply to § 2401(b). Plaintiff is unable to cite the Court to any authority indicating that Rule 6(e) does apply to § 2401(b). Therefore, the Court holds that Rule 6(e) does not operate to extend the six month period Plaintiff had to file her suit in this Court, and therefore, Plaintiff's suit is time-barred.

### *IV. CONCLUSION*

For the foregoing reasons, the Court holds that Defendant's motion for summary judgment is GRANTED, and judgment is entered in favor of Defendant.