Sandra **SINGLETON** and Floyd Singleton, Plaintiffs.

v.

Michael David **BURCHFIELD,** et al., Defendants.

No. 2:04–CV–1113–F.

United States District Court, M.D. Alabama, Northern Division.

Feb. 25, 2005.

Christina Diane Crow, Jinks Daniel & Crow LLC, Union Springs, AL, for Plaintiffs.

Stephen Michael Doyle, United States Attorney's Office–ALM, Alex L. Holtsford,

Jr., Nix, Holtsford, Gilliland, Higgins & Hitson PC, Montgomery, AL, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

FULLER, Chief Judge.

## I. INTRODUCTION

This case arises out of an automobile accident between Michael David Burchfield ("Burchfield") and Sandra Singleton ("Singleton") on October 28, 2002. Plaintiffs filed suit on October 4, 2004, in the Circuit Court of Bullock County, Alabama, alleging negligence and wantonness against Burchfield and asking for uninsured motorist coverage from their insurer, Alfa Insurance Company. Pursuant to the Federal Tort Claims Act,[1] on November 17, 2004, the United States Attorney for the Middle District of Alabama certified that Burchfield was acting within his scope of employment with the United States Air Force at the time the accident occurred, the United States of America was substituted as defendant for Burchfield, and the case was removed to this Court. The case is presently before the Court on the plaintiffs' Motion for Remand (Doc. # 12), filed on December 13, 2004; Alfa Insurance Company's Motion to Dismiss (Doc. # 9), filed November 24, 2004; and the United States of America's Motion to Dismiss (Doc. # 5), filed November 17,

2004. Upon full consideration of each motion filed and for the reasons stated below, the Court concludes that the Motion to Remand (Doc. # 12) is due to be DENIED and that each Motion to Dismiss (Doc. # 5 and Doc. # 9) is due to be GRANTED.

## II. FACTS

In October of 2002, Burchfield received a Temporary Duty (TDY) assignment to attend a five-week Airman Leadership School at Maxwell Air Force Base in Montgomery, Alabama. His TDY orders state that he was to travel from his permanent assignment in Ashville, North Carolina, to Montgomery in a Government Owned Vehicle (GOV) and he was to retain this vehicle for use during Leadership School.

Air Force regulations state that the Air Force shall "[r]estrict the use of all DoD motor vehicles, including those rented or leased, to official purposes only, that is uses that would further the mission of the Air Force." AF124–301, instruction 2.1 (1 Nov. 2001). Such a motor vehicle may be operated as follows: "Between places of business or lodging and eating establishments, drugstores, barber shops, places of worship, cleaning establishments, and similar places required for sustenance of the member. If used off-base, restrict the use of these vehicles to reputable eating establishments in reasonable proximity to the

---

**1.** The Federal Tort Claims Act, which provides absolute immunity to federal employees for torts committed within the scope of their employment, states in relevant part:

> (d)(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division

embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. The certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal. 28 U.S.C. § 2679(d)(2). The Attorney General has delegated the certification authority to the United States Attorneys. 28 C.F.R. § 15.3 (2003).

installation." *Id.*, instruction 2.6.1.2. Additionally, Burchfield's supervisor, Master Sergeant Ronald Draper, submitted a declaration stating that "Michael D. Burchfield was performing official Air Force duties when the events upon which the complaint is based occurred ... [a]ll of SSgt. Burchfield's actions with respect to this case were within the scope of his federal employment." Decl. Draper, 1.

On the day of the accident, Burchfield attended class until 4:00 p.m., returned to his room to change clothes, went to the gym to work out, and returned to his room to shower—all on Maxwell Air Force Base. Around 6:00 p.m., Burchfield left the base in his GOV wearing civilian clothing to meet classmates at Tony Roma's restaurant for dinner; Burchfield drove directly from the base to the restaurant. At about 6:20 p.m., right in front of the restaurant, Burchfield attempted to make a left turn from the southbound turn lane of East Boulevard onto the intersecting street, Calmar Drive. Burchfield states that he looked carefully and the intersection was clear when he began to turn. At that time, Singleton was approaching the intersection in a pick-up truck, traveling northbound on East Boulevard on the outside of two northbound lanes. Singleton saw the light at the Calmar Drive intersection turn yellow, and the car in front of her slowed to stop for the light. Singleton swerved into the inside northbound lane and accelerated to make the light, hitting Burchfield's car in the middle of the intersection.

Singleton sustained injuries from the accident, and both she and Burchfield were taken to the emergency room that evening. Singleton's insurance agency, Alfa Insurance Company, appears to have compensated her in the amount of $17,889.10 for property damage and personal injury. Alfa Insurance Company filed a claim with the United States Air Force for subornation of the claim on April 3, 2003. The Air Force denied the claim by letter on February 9, 2004. Alfa Insurance Company also provides uninsured motorist coverage to Singleton.

## III. DISCUSSION

### A. Motion to Remand

In their Motion to Remand, plaintiffs argue that Burchfield was not within the scope of his employment when the accident occurred. Plaintiffs state that the United States Attorney incorrectly certified that Burchfield was acting in the scope of his employment, the United States was incorrectly substituted as defendant, and the case was incorrectly removed to this Court. The plaintiffs ask this Court to remand the case to the Circuit Court of Bullock County. The United States counters that the case is properly before the Court because as stated in the United States Attorney's certification, Burchfield was within the scope of his employment.

The scope of employment certification of the United States Attorney is to be reviewed *de novo* by the District Court if challenged. *See Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir.1996) ("the Attorney General's certification is reviewable by the district court .... the district court [is] to decide the issue *de novo.*"); *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538 (11th Cir.1990). The "burden of ... proving that the employee acted outside the scope of employment is ... on the plaintiff." *Flohr*, 84 F.3d at 390 (quoting *S.J. & W. Ranch*, 913 F.2d at 1543). Additionally, the "question of whether an employee's conduct was within the scope of his employment 'is governed by the law of the state where the incident occurred.'" *Id.* (quoting *S.J. & W. Ranch*, 913 F.2d at 1542). Therefore, the burden of proof is on Singleton and Alabama respondeat superior law controls in this case.

Under Alabama law, the "[u]se of a vehicle owned by an employer creates an 'administrative presumption' that the employee was acting within the scope of his employment." *Pryor v. Brown & Root USA, Inc.,* 674 So.2d 45, 48 (Ala.1995). This presumption was created because "the owner in such case has special knowledge of the relation between him and his servant, and is in better position to show whether the servant has gone outside the scope of his employment on a mission of his own." *Toranto v. Hattaway,* 219 Ala. 520, 122 So. 816, 818 (1929). "The rule which has been approved for determining whether certain conduct of an employee is within the line and scope of his employment is substantially that if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment." *Solmica of the Gulf Coast, Inc. v. Braggs,* 285 Ala. 396, 401, 232 So.2d 638 (Ala.1970). Put another way, "the dispositive question is whether the employee was engaged in an act that he was hired to perform or in conduct that conferred a benefit on his employer." *Hulbert v. State Farm Mut. Auto. Ins. Co.,* 723 So.2d 22, 24 (Ala.1998). Conversely, conduct is not within the scope of employment if it is "impelled by motives that are wholly personal." *Solmica,* 285 Ala. at 401, 232 So.2d 638.

Taking the facts as a whole, the plaintiffs have not met their burden of demonstrating that Burchfield was not acting within the scope of his employment. It is undisputed that Burchfield was operating a government vehicle at the time of the accident, invoking the administrative presumption that he was within the scope of his employment. The clear statement of his employer, the United States Air Force, through its regulations and the declaration of Master Sergeant Ronald Draper, is that it believes Burchfield to have been within the scope of his employment at the time of the accident. Specifically, the Air Force authorized Burchfield's use of the government owned vehicle for the purpose of obtaining meals off-base during his temporary duty assignment. It cannot be said that the trip was wholly personal; Burchfield was not free to go to a location entirely of his own choosing; his use of the government vehicle restricted him to limited activities, and the activity of obtaining meals itself was limited to a reputable eating establishment within reasonable distance of the base. Operating his government vehicle within the constraints set out by his employer, Burchfield was acting to the end and in furtherance of his military duty—specifically his assignment to successfully complete Airman Leadership School in Montgomery—and was actions were of benefit to his employer.

This conclusion is consistent with the Eleventh Circuit's finding that an army officer on a temporary duty assignment to attend a conference in California was within the scope of his employment in a factually similar situation. *Flohr,* 84 F.3d 386. Although that case was governed by California law, the court's analysis of the policies behind the decision are equally applicable in this case: first, the military is best suited "to control the use of vehicles by personnel sent on business trips so as to limit the risk of accidents"; second, "holding the United States liable in this sort of case does greatly increase the chance of recovery by a plaintiff"; and finally, because the United State "presumably benefits" from the participation of its service men and women in this type of temporary duty assignments, "the United States ought equitably to bear the losses arising out of such participation." *Id.* at 392.

Therefore, Court finds that the United States Attorney was correct in certifying

that Burchfield was acting within the scope of his employment with the United States Air Force at the time of the accident. The United States was properly substituted as the defendant in this case and the case was properly removed to this Court. Consequently, the plaintiff's Motion to Remand is due to be DENIED.

### B. Alfa Insurance Company's Motion to Dismiss

Alfa Insurance Company asks that the claims against it be dismissed for failure to state a claim upon which relief may be granted on the basis that Alabama law does not allow recovery of uninsured motorist benefits in cases where the tortfeasor has legal immunity from suit. Plaintiffs incorrectly believe that this Motion to Dismiss "is based upon the government's Motion to Dismiss" for failure to exhaust administrative remedies and argue that it should be denied because the government was on notice of their claim. Pls.' Resp. to Mot. to Dismiss, ¶ 5.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir.2004) (a motion to dismiss may be granted only when the defendant demonstrates beyond doubt that the plaintiff. can prove no set of facts in support of his claim which would entitle him to relief). Put

another way, a motion to dismiss only requires a court to determine whether a plaintiff's allegations, if proven, are sufficient to state a recognized claim at law upon which relief can be granted.

■ The Alabama uninsured-motorist statutes state that in order to receive uninsured motorist benefits, the claimant must be "legally entitled to recover damages" from the operator of the uninsured motor vehicle. Ala.Code § 32–7–23 (2004).[2] Under this statute, to prevail against the insurer, the insured must prove "that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability." *Ex parte Carlton*, 867 So.2d 332, 334 (Ala.2003) (quoting *State Farm Mut. Auto. Ins. Co. v. Griffin*, 51 Ala.App. 426, 431, 286 So.2d 302 (Ala.Civ. App.1973)). In *Ex parte Carlton*, the Alabama Supreme Court held that an insured could not recover uninsured motorist benefits when he was not legally entitled to recover against the tortfeasor due to operation of workers' compensation law. 867 So.2d at 338. Overruling prior cases that had allowed the collection of uninsured motorist benefits where the tortfeasor was protected from liability by immunity, the Court refocused the analysis on the language of the statute: if parties are not legally entitled to recover damages, they may not recover uninsured motorist benefits. *Id.* at 337–38. This rule is dispositive in this case.

■ Pursuant to the Federal Tort Claims Act, Singleton can not recover from Burchfield in connection with the accident of October, 2002. The FTCA was passed

---

**2.** Ala.Code § 32–7–23(a) provides, in relevant part, that

> No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered ...

> unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom....

Ala.Code § 32–7–23(a) (2004).

"to protect federal employees from personal liability for common law torts committed within the scope of their employment" by extending absolute immunity and instead providing for a remedy against the United States. *S.J. & W. Ranch*, 913 F.2d at 1540. In this case, because the Court has determined that Burchfield was acting within the scope of his federal employment at the time of the accident, Burchfield is protected by absolute immunity from Singleton's claims and has been dismissed from this suit. Therefore, Singleton is not "legally entitled to recover damages" from Burchfield as the plain language of § 32–7–23(a) requires. Therefore, Singleton may not recover uninsured-motorist benefits from Alfa Insurance Company. Consequently, no claim against Alfa Insurance Company remains in this case upon which relief may be granted, and Alfa Insurance Company's Motion to Dismiss is due to be GRANTED.

## C. The United States' Motion to Dismiss

The United States asks that all claims against it be dismissed for lack of subject-matter jurisdiction due to failure to exhaust administrative remedies. Plaintiffs argue that Alfa Insurance Company's filing of a subornation claim with the United States Air Force is sufficient to satisfy the administrative requirement. The United States responds that even if the filing of the subornation claim satisfied the administrative exhaustion requirement, the case should be dismissed for failure to file this suit within the required time period following administrative denial.

■ The Federal Tort Claims Act is a limited waiver of the United States' sovereign immunity, and this waiver applies only in the limited circumstances established by Congress. *See Chandler v. United States*, 846 F.Supp. 51, 53 (M.D.Ala.1994). The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the plaintiff has first exhausted his or her administrative remedies. 28 U.S.C. § 2675(a)[3]; *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (dismissing suit for failure to exhaust administrative remedies under the FTCA and stating that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"). Additionally, legal actions must be filed "within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).[4]

**3.** 28 U.S.C. § 2675 states, in relevant part, that

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any

time thereafter, be deemed a final denial of the claim for purposes of this section....
28 U.S.C. § 2675(a).

**4.** 28 U.S.C. § 2401(b) states as follows:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
28 U.S.C. § 2401(b). "Both of these limitations periods must be met for an action

■ Even assuming that Alfa Insurance Company's letter was sufficient to meet Singleton's administrative exhaustion requirement although it was filed for different purposes by someone other than Singleton, Singleton could not maintain this action due to her failure to abide by the limitations period of § 2401(b). The letter from the United States Air Force denying Alfa Insurance Company's claim is dated February 9, 2004. Singleton filed this suit in the Circuit Court of Bullock County, Alabama, on October 4, 2004, almost eight months after the denial of the claim. There is no evidence that the letter was not mailed within a reasonable time of its February 9th date, and even allowing for that ambiguity, Singleton's claims fall outside the six month period and are time-barred. *See, Chandler,* 846 F.Supp. at 54. Therefore, Singleton may not maintain a claim against the United States, and the United States' Motion to Dismiss is due to be GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the plaintiffs' Motion for Remand (Doc. # 12) is hereby DENIED; Alfa Insurance Company's Motion to Dismiss (Doc. # 9) is hereby GRANTED; and the United States of America's Motion to Dismiss (Doc. # 5) is hereby GRANTED. A separate final judgment will be entered in accordance with this Memorandum Opinion and Order.

against the United States to be maintained in federal court." *Chandler,* 846 F.Supp. at 53.