Texie G. CARR, Plaintiff-Appellant,

v.

The VETERANS ADMINISTRATION,
and J. G. Thompson,
Defendants-Appellees.

No. 74–3146.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1975.

**1356**

L. Breland Hilburn, Jackson, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for defendants-appellees.

Before COLEMAN and GEE, Circuit Judges, and COX, District Judge.

GEE, Circuit Judge:

This is a sad but simple case. Texie Carr filed an administrative tort claim, alleging medical malpractice, with the Veterans Administration. This claim was denied, and notice of final denial was mailed to Miss Carr's attorney on February 5, 1973.[1] Miss Carr filed her complaint appealing this adverse decision on July 27, 1973, naming the Veterans Administration and Dr. Thompson as defendants. On July 30, the U. S. Marshal was provided with the necessary forms for service of process. On August 7, he served the named defendants and the U. S. Attorney for the Southern District of Mississippi and mailed a copy of service to the United States Attorney General. The named defendants responded with a motion to dismiss for lack of personal jurisdiction, and appellant moved to amend the complaint to add the United States as a party. In a ruling which appellant does not dispute, the district court granted the named defendants' motion to dismiss because the United States is the proper defendant. She objects, however, to the district court's denying leave to add the United States as a defendant.

The issues on appeal involve the intersection of this fact pattern and the applicable statute of limitations, 28 U.S.C. § 2401(b).[2] Since no effort was made to name the United States as a defendant until many months later, in April 1974, the motion to amend was properly denied on the authority of the statute of limitations unless appellant can employ the "relation back" provisions of Federal Rule of Civil Procedure 15(c).[3] Appel-

---

1. Both parties concede that the February 5 date appears in a postmark on the back of the envelope. In view of this agreement, we deem it irrelevant that the back of the envelope is not a part of the record on appeal. The district court was clearly justified in recognizing the postmark as probative of the date of mailing. *Meeks v. State Farm Mutual Automobile Ins. Co.*, 460 F.2d 776, 778 n. 2 (5th Cir. 1972). The factual finding that the date of mailing was February 5 is not clearly erroneous.

2. 28 U.S.C. § 2401(b) provides:

   A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

3. Federal Rule of Civil Procedure 15(c) provides:

   Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

   The delivery or mailing of process to the United States Attorney, or his designee, or

lant advances three independent arguments to support her position that relation back is proper. They are: (1) the statute of limitations did not commence running until she *received* the notice of denial, apparently on February 9, 1973; (2) the six-month period is extended by three days, under the provisions of Federal Rule of Civil Procedure 6(e),[4] because its commencement is triggered by a mailing; and (3) delivery of process to the U. S. Marshal was timely constructive notice to the United States. The thrust of the first two contentions is that service on the U. S. Attorney and the Attorney General on August 7 was timely notice to the United States; the third contention asserts that the United States received notice on July 30. We must reject all three arguments.

■ While it might be more equitable if the short period of limitations provided by 28 U.S.C. § 2401(b) commenced with receipt by the claimant of notice of the administrative agency's denial of the claim, the plain words of the statute defeat appellant's first argument. These specify that an action be begun within six months after the "date of mailing," and adherence to the statutory language is particularly necessary in a case such as this because the waiver of sovereign immunity embodied in this statute must be strictly construed. *See Childers v. United States*, 442 F.2d 1299 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). Limitations began to run on the date of mailing, February 5, and ran on August 6, 1973.

Appellant's second argument is considerably more sophisticated. While conceding that Federal Rule of Civil Procedure 6(e) cannot extend the jurisdictional period of the statute of limitations itself, she argues that the reference to the statutory period in Rule 15(c) as a measure of the time during which notice must be provided is not jurisdictional. Since the period during which she could provide notice to the United States commenced with the act of mailing the administrative denial of her claim, she contends that Rule 6(e) gives her three additional days—until August 9—within which to notify the United States so as to permit relation back of the amendment.

■ Assuming arguendo that the reference in Rule 15(c) to the period of limitations is not jurisdictional, we reject appellant's argument because we hold that Rule 6(e) does not apply to modify the period during which notice must be given in this case. The prescribed period of limitations commences with the "date of mailing" and not with the "service of a notice or other paper" as required for Rule 6(e) to apply. *Cf. Clements v. Florida East Coast Ry.*, 473 F.2d 668 (5th Cir. 1973); *Army and Air Force Exchange Service v. Hanson*, 250 F.Supp. 857 (D.Hawaii 1966). Our reluctance to deviate from the strict language of Rule 6(e) in the context of a suit against the government is supported by the probable purpose of Rule 6(e): to equalize the time for action available to parties served by mail with that afforded those served in person. This purpose is not relevant here where the period during which notice must be provided commences in the same way for all claimants. Our reluctance draws further support from the goal of the 1966 amendments to Rule 15(c), as reflected in the Advisory Committee's Note, 39 F.R.D. 82 (1966). The present language of Rule 15(c) is a reaction to a line of cases refusing to allow an amendment to relate back when a plaintiff sued and served one government entity *within* the period

the Attorney General of the United States or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

**4.** Federal Rule of Civil Procedure 6(e) provides:

Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

prescribed by statute and later attempted to substitute the proper entity as a defendant. *Id.* at 82–83. The Advisory Committee stressed that the government received notice of the claim "within the stated period," and it stated, "[r]elation back is intimately connected with the policy of the statute of limitations." *Id.* at 83. Nothing in the Advisory Committee's Note suggests an intention to allow relation back when *no* government entity received actual notice within the strict limitations period. *See Martz v. Miller Bros. Co.*, 244 F.Supp. 246, 254 (D.Del.1965); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1499 (1971); Note, Federal Rule of Civil Procedure 15(c): Relation Back of Amendments, 57 Minn.L.Rev. 83, 103–105 (1972).

█ Appellant's third argument, that delivery of process to the U. S. Marshal is constructive notice to the United States, is also defeated by the sense of the Advisory Committee's Note. In reconciling its rejection of the previous line of cases with its emphasis on the policy of the statute of limitations, the Advisory Committee accepted relation back in situations in which the initial delivery of process was "to a responsible government official." Advisory Committee Note, 39 F.R.D. 82, 83 (1966). Appellant's argument extends relation back far beyond this limitation. Accepting it would render the last sentence of Rule 15(c) superfluous because it would mean that the United States has instant notice of every complaint given a federal marshal for service. Such a sweeping result was clearly not intended by the framers of the present rule, and the marshal is not "responsible" in this sense.

It may seem severe to hold that appellant has forfeited her day in court because the U. S. Marshal took seven days rather than six to serve process. However, this is clearly where Congress drew the line, and faithfulness to the policy represented by 28 U.S.C. § 2401(b) and to the purposes of the appropriate Federal Rules of Civil Procedure require it.

Affirmed.