Rosemarie SHAFER, d.b.a. Companion
Care Service of North Dakota,
Petitioner and Appellant,

v.

JOB SERVICE NORTH DAKOTA,
Respondent and Appellee.

Civ. No. 900274.

Supreme Court of North Dakota.

Dec. 17, 1990.

Robert W. Harms of Harms Law Office,
Ltd., Williston, for petitioner and appellant.

David Ernest Clinton, Asst. Atty. Gen.,
Bismarck, for respondent and appellee.

LEVINE, Justice.

Rosemarie Shafer appeals from a district court order dismissing an appeal of a Job Service decision on the ground that the appeal was not timely filed. We reverse and remand.

Shafer operates Companion Care Service of North Dakota which provides in-home living assistance to clients on a contract basis. The actual assistance is given by individuals with whom Companion Care Service has a "Companion Service agreement." Job Service determined that the service arrangement between Shafer and the companions was employment under section 52-01-01, NDCC.

Job Service mailed its decision to Schafer on March 7, 1990. Shafer filed a petition for review on April 9, thirty-three days after the date Job Service mailed its decision to her. Job Service requested, and the district court granted, a dismissal on the ground that the appeal was not timely filed.

Section 52-06-27, NDCC, provides, in part, that a party to a proceeding before Job Service may obtain judicial review in district court of a bureau decision by "filing a petition for review within thirty days after the date of mailing the bureau's decision to the party at the party's last known address, or in the absence of mailing, within thirty days after delivery of the decision to the party." The issue on appeal is whether Shafer's appeal to district court was timely filed.

Shafer argues that the North Dakota Rules of Civil Procedure, and specifically Rule 6(e), should govern appeals to district courts. Under Rule 6(e), a party has three additional days to respond to a notice or paper when it was served by mail. Rule 6(e) says:

"Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three days must be added to the prescribed period."

Schafer concedes that if Rule 6(e) is inconsistent with section 52–06–27, NDCC, the statute controls. Rule 1, NDRCivP, says that the rules of civil procedure apply to civil suits in the district courts, with the exceptions stated in Rule 81, NDRCivP.

Under Rule 81(a), "[s]pecial statutory proceedings, whether or not listed in Table A, are excepted from th[e] rules insofar as they are inconsistent or in conflict with the procedure and practice provided by th[e] rules." Table A is a non-exclusive list of statutes pertaining to special procedures. Chapter 52–06, under which Shafer's right to appeal is found, is not listed. Rule 81(b) says the rules "do not supercede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as th[e] rules are not inconsistent with such statutes." The determinative question is, therefore, whether there is any conflict or inconsistency between section 52–06–27 and Rule 6(e). If there is no conflict, we will apply both to Shafer's action. *Reliance Ins. Co. v. Public Service Com'n,* 250 N.W.2d 918 (N.D.1977).

Job Service makes several arguments against applying Rule 6(e) to add time to file a petition for review when Job Service has mailed its determination rather than personally served it on a party. The rule is inconsistent with the statute, Job Service argues, because the statute "sets 'thirty days after the date of mailing' as the prescribed period of time for the requirement of filing a petition for judicial review. It does not set thirty days 'after the service of notice' as the prescribed period of time for filing a petition for judicial review as provided under Rule 6(e)." Job Service makes a related argument that, even if it is not inconsistent, Shafer falls outside the terms of the rule because she was not required to file her petition for review "within a prescribed period after the service of a notice," she was required to file "within thirty days after the date of mailing."

Both these arguments depend on the difference between the phrases "after the date of mailing" and "after service of a notice." Job Service reads these phrases too narrowly. Rule 6(e) applies to "service of a … paper … by mail." Under both phrases, the triggering event is the mailing of a document. *See also* NDRCivP 5(b) ("Service by mail is complete upon mailing"). While there are significant differences between "service by mail" and simply "mailing" a document (*see, e.g.,* Rule 4(d), NDRCivP, requiring a return receipt for service by mail), those differences do not create a conflict between this statute and the rule. To the contrary, both phrases address the same event, the mailing of a document. Accordingly, we do not find a conflict between the statute and the rule.

Job Service also urges us to follow the federal example and not apply Rule 6(e) to an appeal to district court from an agency decision. *E.g., Carr v. Veterans Admin.,* 522 F.2d 1355 (5th Cir.1975). The North Dakota rule and the Federal rule are similar, and the language of Rule 6(e) is nearly identical in both codifications. We may, therefore, consider the federal interpretations persuasive. *Unemployment Comp. Div. v. Bjornsrud,* 261 N.W.2d 396, 398 (N.D.1977). We, however, draw different lessons from the federal experience than those Job Service urges. First, the federal scheme is distinguishable because the event that triggers the time for a federal appeal is the entry of judgment, not a mailing. FRCivP 77(d), FRAppP 4(a). *See* 2 J. Moore, J. Lucas, H. Fink & C. Thompson, *Moore's Federal Practice* ¶ 6.12 (2d ed. 1990). Yet, Rule 6(e) applies where the time to respond is triggered by a mailing. In our case, it is Job Service's mailing of its decision that triggers the appeal time. Second, as was noted by Judge Gee in *Carr,* the purpose of Rule 6(e) is to "equalize the time for action available to parties served by mail with that afforded those served in person." 522 F.2d at 1357. The federal scheme may provide for only mailed notification, as it does with the Federal Tort Claims Act interpreted in *Carr,* and the purpose of the rule is therefore not applicable to that circumstance. 522 F.2d at 1357; 28 U.S.C.A. § 2401(b) (West Supp.1990). Section 52–06–27 provides for notification by Job Service either personally or by mail.

It therefore pleads for the application of Rule 6(e), a rule whose purpose is to equalize the time for action available to a party served by mail with that of one served personally. Finally, the Federal Rules have no rule like our Rule 81(b) which makes our Rules of Civil Procedure applicable to procedure on "appeals to or review by the district courts." *Compare* NDRCivP 81(b) *with* FRCivP 81. Unlike the federal rules, our civil rules broadly apply to district court appellate review unless they conflict with statutes relating to district court appellate review. *Id.* We reject Job Service's invitation to follow the federal example.

Our analysis of the operative language in section 52–06–27 and Rule 6(e), and that of the federal cases, is consistent with our computation of times for appeal under our Rules of Appellate Procedure. Rule 26(c), NDRAppP, is similar to Rule 6(e), and we use it to compute the time for appeal when notice of entry of judgment is served by mail. *In re Estate of Honerud,* 288 N.W.2d 767 (N.D.1980). We do not, however, apply Rule 26(c) to compute the time for filing a cross-appeal which is triggered by the filing of notice of appeal, not by service of the notice. *Quirk v. Swanson,* 368 N.W.2d 557 (N.D.1985); NDRAppP 4(a) (times for taking appeals and cross-appeals in civil cases). *See also In re A.O.,* 443 N.W.2d 624, 625 (N.D.1989) (Rules 6(e) and 26(c) not applicable to computing time for mental health appeal which must be filed within thirty days after order is entered).

Because we have not identified a conflict between the statute and Rule 6(e), NDRCivP, we hold that the rule does apply to add three days to the appeal time when Job Service mails its decision, and therefore Shafer's appeal was timely. We reverse the decision of the district court and remand for further proceedings.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.