607 A.2d 103

**Robert Bowie JOHNSON, Jr., et al.**

v.

**Chester M. WRIGHT, et al.**

**No. 1317, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

May 28, 1992.

William M. Ferris (Krause & Ferris, on the brief), Annapolis, for appellants.

Michael J. Budow (Anne K. Howard and Budow & Noble, on the brief), Bethesda, for appellee, Taylor.

David A. Simison, Millersville, for other appellees.

Argued before ALPERT, BLOOM and CATHELL, JJ.

BLOOM, Judge.

Robert Bowie Johnson, his wife, Nancy Griggs Johnson, and their two daughters, Lisa Ann and Nancy Beth Johnson, appeal from a judgment entered by the Circuit Court for Anne Arundel County in favor of appellees, First United Pentecostal Church of Annapolis, Maryland, Inc., Chester M. Wright, Alice Wright, Susan Richards, David Shaffer, David Huston, Daryl Savage, Robert Schlissler, Fred D. Bishop, and Owen Taylor. We must dismiss the appeal because it was not filed timely.

The action originated with a *pro se* complaint, 28 pages (and 53 numbered paragraphs) in length, purporting to assert, against appellees and two persons who were never served, claims for defamation and invasion of privacy. Upon motion, the circuit court dismissed the complaint with leave to file an amended complaint that would conform to the Maryland Rules of Procedure. Appellants retained counsel, who filed an amended complaint alleging defamation, invasion of privacy, and "interference." The count for "interference" was dropped by appellants. Appellee Chester M. Wright filed a counterclaim for defamation. Appellees' motion to dismiss was granted and, with leave of court, appellants filed a second amended complaint, which purported or attempted to assert claims for defamation, invasion of privacy, and conspiracy. Upon motion by appellees, the court dismissed that complaint by order dated 10 January 1991.

On 21 January 1991, appellant Robert Bowie Johnson Jr., acting *pro se*, filed a motion to reverse the dismissal order

of 10 January. On 12 February, seven of the appellees filed a motion, pursuant to Md. Rule 1–341, for attorneys' fees. The court denied both the motion to revise the order of dismissal and the motion for attorneys' fees, but granted leave to appellees to refile the motion for fees within 30 days.

Appellants, again *pro se,* filed a notice of appeal to this Court. We dismissed that appeal, pursuant to Maryland Rule 8–602; since the counterclaim of Chester M. Wright was still pending, there was no final judgment. Rule 2–602. In the meantime, seven of the appellees had filed a new motion for counsel fees.

Our mandate dismissing the first appeal was issued 17 June 1991. Thereafter, on 12 July 1991, the circuit court conducted a hearing on the counsel fee motion. At that hearing, the court dismissed Chester Wright's counterclaim. On 16 July 1991, the court issued an order denying appellees' motion for attorneys' fees.

This appeal from the dismissal of their second amended complaint was filed on 14 August 1991, more than 30 days after the court dismissed the counterclaim but less than 30 days after the court denied appellees' motion for attorneys' fees.

## *Motion to Dismiss*

Appellees have included in their briefs a motion to dismiss the appeal pursuant to Md. Rule 8–603(c). They contend that appellants' second appeal to this Court was not filed within 30 days after entry of the judgment as required by Md. Rule 8–202(a).

When the circuit court dismissed appellee Chester M. Wright's counterclaim on 12 July 1991, that order of dismissal constituted a final appealable judgment in the litigation between the parties, even though the circuit court had not yet disposed of appellees' motion for attorneys' fees.

Although the precise issue raised by appellees' motion to dismiss the appeal has never been directly addressed by this

Court, we held in *Larche v. Car Wholesalers, Inc.,* 80 Md.App. 322, 328, 562 A.2d 1305 (1989), "that a claim for attorneys' fees under § 2310(d)(2) of the Magnuson–Moss Act is collateral to the principal action so that an appeal will lie from a final judgment on the underlying claim despite the pendency of a decision on the attorney's fees claim." This is so even though the Magnuson–Moss Act provides that a prevailing consumer may recover costs and attorneys' fees as part of the judgment. The Court of Appeals, in *Md.–Nat'l Capitol Park and Planning Comm'n v. Crawford,* 307 Md. 1, 38–39, 511 A.2d 1079 (1986), held that although a claim for attorneys' fees under 42 U.S.C. § 1983 is an integral part of the § 1983 remedy, it is nonetheless viewed as being collateral to the § 1983 action. We hold, therefore, that appellees' claim for attorneys' fees under Md. Rule 1–341 was collateral to the action between the parties. There was a final appealable judgment on 12 July 1991, when the circuit court dismissed the counterclaim of appellee Chester M. Wright. This appeal, noted on 14 August 1991, was not filed within 30 days after entry of the final judgment, as required by Md. Rule 8–202(a). The pendency of the collateral motion for attorneys' fees did not stay or enlarge the time for taking an appeal from the judgment. If an appeal is not filed within the time limits prescribed, "the appellate court acquires no jurisdiction and the appeal must be dismissed." *Houghton v. County Comm'rs of Kent Co.,* 305 Md. 407, 413, 504 A.2d 1145 (1986).

APPEAL DISMISSED.

COSTS TO BE PAID BY APPELLANTS.