765 A.2d 1005

**Zainab KAMARA et al.**

v.

**EDISON BROTHERS APPAREL STORES, INC. et al.**

**No. 37, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Jan. 31, 2001.

Carla M. Mathers (James E. McCollum, Jr., and James E. McCollum, Jr. & Associates, P.C., on the brief), College Park, for appellants.

Michael A. Pichini (Stephen E. Marshall and Goodell, DeVries, Leech & Gray, LLP, on the brief), Baltimore, for appellee, Lerner Corp. (Michael L. Dailey and O'Malley, Miles, Nylen & Gilmore, on the brief), Calverton, for appellees, Edison, Battle, Bowden and Felder. (Deirdre R. Horton and King & Attridge, on the brief), Rockville, for appellees, Quick, Smith and Chase.

Argued before DAVIS, JAMES R. EYLER, and KENNEY, JJ.

JAMES R. EYLER, Judge.

The sole issue presented by this appeal is whether the Circuit Court for Prince George's County erred in striking a notice of appeal on the ground that it had been untimely filed. Finding no error, we shall affirm the judgment of the circuit court. In doing so, we hold that Rule 1–203(c), providing additional time for service by mail, does not apply to the period for noting an appeal under Rule 8–202(a).

## Factual Background

On November 5, 1997, appellant, Zainab Kamara, on behalf of herself and her minor son, Abdul Kamara, filed a complaint

in the Circuit Court for Prince George's County against various defendants, including appellees, Lerner Corporation, Wayne Quick, Otha Smith, and Yolanda Chase.[1] The complaint contained several counts, in which appellants alleged negligence and various intentional torts. To resolve the issue before us, it is necessary only to set forth a portion of the procedural history of the case.

On January 13, 1999, summary judgment was entered in favor of all defendants, including appellees. On January 15, 1999, appellant filed a motion to alter or amend the judgment. On February 3, 1999, the court denied that motion. On March 8, 1999, appellants filed a notice of appeal to this Court. On April 2, 1999, pursuant to Rule 2–535, appellants filed a motion to revise judgment, requesting that the order entered February 3, 1999, denying appellants' motion to alter or amend judgment, be vacated. The motion was based on alleged irregularity, because the clerk's office failed to send a copy of the February 3, 1999 order to counsel for the parties, as required by Rule 1–324. Appellees filed motions to strike the March 8 notice of appeal, and on May 4, 1999, the court granted the motions. On May 28, 1999, appellant filed a second notice of appeal, which brings the case before us. The question before us is whether the circuit court erred in striking the notice of appeal filed on March 8, 1999.

## Discussion

Appellants argue that Rules 8–202 and 1–203(c), when read together, allot a party thirty-three days to file an appeal from a final judgment. *See* Md. Rules 8–202 and 1–203(c)(2000). The order denying appellant's motion to revise judgment was entered on February 3, 1999. Appellants assert that the last day to file a timely appeal was March 8, 1999, thirty-three days later. We disagree.

---

1. Appellant named Edison Brothers Apparel Stores, Inc., Aaron Gamble, Marla Williams, James Bigelow, Michelle Felder, Jenelle Bowden, and Robia Battle as additional defendants. They are not parties on appeal.

Rule 8–202 provides the time frame in which a notice of appeal must be filed. Rule 8–202(a) states:

**Generally.** Except as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after *entry* of the judgment or order from which the appeal is taken. In this Rule, "judgment" includes a verdict or decision of a circuit court to which issues have been sent from an Orphans' Court.

Md. Rule 8–202(a)(emphasis added). Rule 8–202(c) outlines when an appeal must be filed if a party files a ten-day motion under Rules 2–532, 2–533, or 2–534. It states:

**Civil action—Post judgment motions.** In a civil action, when a timely motion is filed pursuant to Rule 2–532, 2–533, or 2–534, the notice of appeal shall be filed within 30 days after *entry* of (1) a notice of withdrawing the motion or (2) an order denying a motion pursuant to Rule 2–533 or disposing of a motion pursuant to Rule 2–532 or 2–534. A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion.

Md. Rule 8–202(c)(emphasis added).

It is not disputed that appellant filed a motion to alter or amend judgment under Rule 2–534 within ten days of the entry of judgment, thus extending the time for appeal until 30 days after the court ruled on the motion to alter or amend, which occurred on February 3, 1999. *See Stephenson v. Goins,* 99 Md.App. 220, 225, 636 A.2d 481 (1994)(citing *Unnamed Attorney v. Attorney Grievance Com.,* 303 Md. 473, 486, 494 A.2d 940 (1985), *rev'd on other grounds by* 313 Md. 357, 545 A.2d 685 (1988)).

Rule 8–202 specifically uses the word *entry.* Since action is not required to be taken after service, Rule 1–203(c) does not apply. Rule 1–203(c) states:

**Additional time after service by mail.** Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after service upon the

party of a notice or other paper and service is made by mail, three day shall be added to the prescribed period.

Md. Rule 1–203(c). The plain language of Rule 1–203(c) states that it applies to service by mail, not to an entry by the court. Like statutes, we will not read an ambiguity into a rule where none exists. *See Johnson v. State,* 274 Md. 29, 41, 333 A.2d 37 (1975)(quoting *Brown v. State,* 237 Md. 492, 504, 207 A.2d 103 (1965), *superseded in part by statute on other grounds by Rohrbeck v. Rohrbeck,* 318 Md. 28, 566 A.2d 767 (1989)) (in turn citing *Shub v. Simpson,* 196 Md. 177, 191, 76 A.2d 332 (1950), and *Darnall v. Connor,* 161 Md. 210, 214–16, 155 A. 894 (1931))("The meaning of a Rule 'does not depend upon the niceties of definition but upon the reasonable intendment of the language used....' "). The Court of Appeals in *Johnson* stated, "the Maryland Rules, like statutes, when dealing with the same subject matter will be construed so as to harmonize with each other and not produce an unreasonable result." *Johnson,* 274 Md. at 41, 333 A.2d 37 (citing *Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 19–20, 174 A.2d 768 (1961)). Moreover, the foundation of the rules is good common sense. *See Renshaw v. State,* 25 Md.App. 270, 275, 333 A.2d 363, *aff'd by* 276 Md. 259, 347 A.2d 219 (1975), *superseded in part by Rule on other grounds by Fowlkes v. State,* 311 Md. 586, 536 A.2d 1149 (1988).

The common sense, ordinary meaning of Rule 8–202, is that a party has thirty days from the entry of judgment to file an appeal. Rule 1–203(c) only applies when service is a prerequisite to triggering the clock. The specific situation posed by appellant was addressed in the oft-relied upon treatise, MARY-LAND RULES COMMENTARY, which states:

It is important to remember that the additional days are tacked onto the required time period only when the running of the period is triggered by *service by mail.* If any event other than service begins the running of the time period, three days are not added, even if mail is used. For example, a defendant may move to vacate an order of default within thirty days after its *entry.* Md. Rule 2–613(c).... There are numerous other examples. Generally speaking, however,

whenever a party is required by the rules in Title II to do something within a specified time after action by the court (e.g., *entry* of an order or the filing of a report), an extra three-day period is not allowed. (Emphasis in original).

Paul V. Niemeyer & Linda M. Schuett, *Maryland Rules Commentary* 18 (2d ed., Michie 1992)(emphasis in original). To reiterate, even when mail is used, as it is in Rule 8–202, to notify the parties of the court's action, the provision for an additional three days allowed by Rule 1–203(c) does not apply. Rule 1–203(c) only applies when service triggers the clock.

As a result, appellants' notice of appeal was not timely filed, and the circuit court did not err in granting the motion to strike it. Thus, the appellate court never acquired jurisdiction and does not have discretion to extend the time. *See Johnson v. Wright,* 92 Md.App. 179, 182, 607 A.2d 103 (1992)(quoting *Houghton v. County Comm'rs of Kent County,* 305 Md. 407, 413, 504 A.2d 1145 (1986))("If an appeal is not filed within the time limits prescribed, 'the appellate court acquires no jurisdiction and the appeal must be dismissed.' ").

Additionally, appellants argue that we should reverse the circuit court's ruling striking the first notice of appeal because of the alleged error by the clerk in not mailing a copy of the judgment from which an appeal was noted. This argument is not before us. Based upon our review of the record, the circuit court has yet to rule on appellants' motion to revise pursuant to Rule 2–535(b), filed on April 2, 1999. We perceive no reason why, on remand, the circuit court should not exercise its discretion and rule on that motion.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.**