920 A.2d 536

**Rena CHANCE**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY.**

**No. 240, Sept. Term, 2006.**

Court of Special Appeals of Maryland.

April 4, 2007.

Gretchen A. Rogers, Greenbelt, for appellant.

Sarah O. Rollman, Washington, DC, for appellee.

Panel HOLLANDER, EYLER, DEBORAH S., WOODWARD, JJ.

WOODWARD, J.

Appellant, Rena Chance, was injured during the course of her employment with appellee, Washington Metropolitan Area Transit Authority ("WMATA"). Chance filed a timely claim with the Workers' Compensation Commission ("Commission"), which WMATA did not contest. Due to a change in legal counsel and an incorrect date of injury on her claim, Chance, through her new counsel, filed a second claim for the same

injury with the Commission. When the error was discovered, Chance moved to dismiss one of the claims. Because of another clerical error, however, Chance's motion sought to dismiss the first claim, rather than the second claim. The Commission granted Chance's motion and dismissed her first claim.

Upon realizing the latest error, Chance filed a motion with the Commission to reinstate the first claim and dismiss the second claim, which the Commission also granted. WMATA then filed a petition for judicial review in the Circuit Court for Montgomery County. The circuit court vacated the Commission's order and remanded the matter for a new hearing on whether the Commission had the authority to reinstate the dismissed claim. The Commission held a hearing, found that it had the authority to reinstate the claim, and reinstated Chance's first claim.

The Commission's order was filed and mailed to the parties on January 6, 2005. WMATA filed a petition for judicial review with the circuit court on February 8, 2005. Chance filed a motion to dismiss, arguing that WMATA's petition was filed after the statutorily prescribed thirty-day appeal period. The circuit court denied the motion. Thereafter, WMATA filed a motion for summary judgment, arguing that the Commission did not have the power to reinstate Chance's first claim. The circuit court reluctantly granted the motion. Chance filed a timely notice of appeal with this Court and presents two questions for our review, which we have rephrased:

I. Did the circuit court err by denying Chance's motion to dismiss WMATA's petition for judicial review as untimely filed?

II. Did the circuit court err as a matter of law by granting WMATA's Motion for Summary Judgment?

For the reasons set forth herein, we answer question I in the affirmative and reverse the judgment of the circuit court. Accordingly, we need not address question II.

## BACKGROUND

On the morning of July 30, 2000, Chance sustained an injury to her back while working as a station manager for WMATA. Chance was opening the gate at the Shady Grove Metro Station in Gaithersburg, Maryland, when the gate became jammed on debris in its track, causing her to suffer a jar to her lower back. She reported the injury to WMATA officials and completed an Employer's First Report of Injury.

On March 6, 2001, Chance, through counsel, filed a timely claim with the Commission. The claim was assigned the claim number B517081 ("Claim 081"). However, due to an error on either her or her attorney's part, Claim 081 reported her date of injury as July 31, 2000, instead of July 30, 2000.

On March 28, 2001, WMATA filed a notice with the Commission that it did not contest Claim 081 and that it had mailed the first payment of temporary total disability benefits to Chance on November 30, 2000. WMATA stated that Chance's benefits commenced on August 6, 2000, at the rate of $586.00 per week.

On April 11, 2001, the Commission issued an order finding Chance's injury compensable and awarding compensation to Chance. This order required WMATA to:

1. Pay unto [Chance] compensation at the rate of $589.00 [sic] per week, payable weekly, during the continuance of the temporary total disability of [Chance]. Said compensation to begin on 8/04/2000 provided, however, that if the injury results in disability of more than 14 days, compensation shall be paid from the date of the disability, including the day the injury occurred; subject to a credit for the days the claimant worked and received wages.

2. Promptly provide [Chance] medical treatment and the other necessary medical services as provided by The Labor and Employment Article, § 9–660 through § 9–664 and § 9–689, of the Maryland Annotated Code.

3. When [Chance] receives medical care from a physician of . . . her own selection, . . . she shall provide medical

reports and invoices to the insurer and provide the Commission with copies of all medical reports.

Thereafter, Chance severed her relationship with her attorney and retained a new law firm to represent her interests in this matter. In reviewing the status of her claim, Chance's new counsel was unable to locate her claim within the Commission's on-line claims database. This was because Claim 081 incorrectly listed the date of injury as July 31, 2000. On September 16, 2002, Chance, through her counsel, filed a second claim with the Commission for the injury sustained on July 30, 2000. The claim was assigned claim number B558818 ("Claim 818"). Counsel for Chance later conceded to the circuit court that Claim 818 was not timely because it was filed beyond the statute of limitations.

Sometime later, Chance learned that she had two open claims with the Commission for her July 30, 2000 injury. As a remedy, Chance's attorney filed a "Request for Action on Filed Issues" on January 14, 2003, asking the Commission to dismiss one of her claims as duplicative of the other. This request, however, inadvertently listed Claim 081, instead of Claim 818, to be dismissed, a clerical error on the part of her counsel. On February 5, 2003, the Commission granted the request and dismissed Claim 081. Chance did not discover the error until after the Commission's order was issued.

On September 9, 2003, a hearing was held before the Commission on Claim 818, because both parties had raised several issues with regard to that claim. WMATA raised the issue, among others, that Claim 818 was filed beyond the statute of limitations. Chance raised the issue of the nature and severity of her back injury and also requested that Claim 081 be reinstated. WMATA, however, did not appear at the hearing, and the case was continued. According to Chance, Commissioner Lauren Sfekas then advised her to file a separate motion to reinstate Claim 081 and have it set with Claim 818.

On September 29, 2003, Chance filed a "Request for Reconsideration/Modification" of the February 5, 2003 Order, and

stated: "This claim [Claim 081] was dismissed as a duplicate of [Claim 818], please reinstate [Claim 081] and set it with [Claim 818]. Correct date of accident is 7/30/00." On October 8, 2003, the Commission rescinded the February 5, 2003 order, and reinstated Claim 081.

On October 29, 2003, WMATA filed in the Circuit Court for Montgomery County a petition for judicial review of the Commission's October 8, 2003 order reinstating Claim 081. On July 14, 2004, a bench trial was scheduled to be held. WMATA, however, appeared and submitted a motion for summary judgment. The circuit court granted the motion, and remanded the case to the Commission with instructions to vacate the October 8, 2003 order and to conduct a full evidentiary hearing on whether the Commission had the authority to reinstate Claim 081.

On January 5, 2005, a hearing was held on whether the Commission had the authority to reinstate Claim 081 under its statutory revisory powers. On January 6, 2005, the Commission issued an order reinstating Claim 081 and dismissing Claim 818 as a duplicate claim, finding that "[Claim 081] was timely filed, was accepted as a compensable claim by the employer and insurer and was mistakenly dismissed by claimant." The Commission's order was mailed the same day that it was issued—January 6, 2005.

On February 8, 2005, WMATA filed a second petition for judicial review in the Circuit Court for Montgomery County. On March 11, 2005, Chance filed a motion to dismiss WMATA's petition, arguing that the petition was not timely filed. WMATA opposed the motion. A hearing on the motion was held on May 24, 2005. The circuit court (Donohue, J.) denied the motion, finding that WMATA had timely filed its petition for judicial review.[1] Chance filed a Motion for Reconsidera-

---

1. According to the transcript of the motion hearing, counsel for WMATA led the circuit court to mistakenly believe that the Commission's order was issued and mailed on February 6, 2005, and that the petition for judicial review was filed on March 8, 2005, a period of thirty days. Chance's counsel did not point out this mistake to the trial judge.

tion on May 26, 2005, which the circuit court denied on July 6, 2005.

On January 12, 2006, WMATA filed a Motion for Summary Judgment, arguing that the Commission did not have the power to reinstate Claim 081. Chance opposed the motion, and a hearing was held on February 22, 2006. The circuit court (Thompson, J.) granted WMATA's Motion for Summary Judgment "with a degree of discomfort and a sense of injustice to the claimant." [2] Chance filed a Motion for Reconsideration on February 24, 2006, which the circuit court denied by Order dated March 27, 2006. Chance filed a timely notice of appeal to this Court.

## DISCUSSION

Chance argues that the circuit court improperly denied her motion to dismiss WMATA's petition for judicial review. Specifically, Chance asserts that the time limit for filing a petition for judicial review of a decision by the Commission is statutorily prescribed as "30 days after the date of the mailing of the Commission's order." Md.Code (1991, 1999 Repl.Vol., 2006 Suppl.), § 9–737 of the Labor & Employment Article. Chance contends that because the Commission's order was mailed on January 6, 2005, "a timely petition for judicial review must have been filed with the [circuit] court on or before Monday, February 7, 2005." [3] Chance asserts that WMATA did not file its petition for judicial review until February 8, 2005, "some 33 days after the mailing of the Commission's Order." Because the petition was not timely filed, Chance contends the court was without jurisdiction to adjudicate the petition.

---

2. The circuit court judge was clearly upset by the consequences of his ruling, namely, Chance's loss of a compensable, uncontested workers' compensation claim.

3. The thirtieth day from January 6, 2005, was Saturday, February 5, 2005. Chance acknowledges that, under Maryland Rule 1–203(a), WMATA had until Monday, February 7, 2005, to file its petition for judicial review.

WMATA counters that while the statutorily prescribed time for filing the petition for judicial review is thirty days from the mailing of the Commission's order, Maryland Rule 1–203(c) gave WMATA three additional days to file its petition because the Commission's service of its order was by mail. WMATA argues that "to [hold] otherwise[,] would nullify this particular rule." [4]

The question presented by the instant appeal requires us to determine whether Rule 1–203(c) applies to Section 9–737 of the Labor and Employment Article. Section 9–737 governs the time period for filing an appeal from a decision of the Workers' Compensation Commission and provides:

> *An employer, covered employee, dependent of a covered employee, or any other interested person* aggrieved by a decision of the Commission, including the Subsequent Injury Fund and the Uninsured Employers' Fund, *may appeal from the decision of the Commission provided the appeal is filed within 30 days after the date of the mailing of the Commission's order by:*

> (1) filing a petition for judicial review in accordance with Title 7 of the Maryland Rules;

> (2) attaching to or including in the petition a certificate of service verifying that on the date of the filing a copy of the

---

**4.** Additionally, citing to *Harris v. Bd. of Educ.*, 375 Md. 21, 57, 825 A.2d 365 (2003), WMATA contends that the Court of Appeals "has issued a mandate to 'construe laws related to the Workers' Compensation Act as liberally as possible ... [,]'" and that providing for three additional days "is consistent with this mandate." WMATA, however, omits critical language in its quotation from *Harris*. The full quotation reads as follows:

> We have frequently repeated and applied the statutory mandate that "[t]he Workers' Compensation Act ... should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant."

*Id.* (quoting *Mayor & City Council of Baltimore v. Cassidy*, 338 Md. 88, 91, 656 A.2d 757 (1995)). We fail to see how applying Rule 1–203(c) constitutes a liberal construction of the Workers' Compensation Act *in favor of injured employees* when such application is equally available to employers and/or insurers, as in the case *sub judice*.

petition has been sent by first class mail to the Commission and to each other party of record; and

(3) on the date of the filing, serving copies of the petition by first class mail on the Commission and each other party of record.

(Emphasis added).

Rule 1–203(c) states:

(c) **Additional time after service by mail.** *Whenever a party has the right* or is required to *do some act* or take some proceeding *within a prescribed period after service upon the party* of a notice or other paper *and service is made by mail,* three days shall be added to the prescribed period.

(Emphasis added).

■ There is no dispute that the Commission's order reinstating Claim 081 was mailed on January 6, 2005, and that WMATA filed its petition for judicial review in the circuit court on February 8, 2005. The parties also agree that, because the thirtieth day from January 6, 2005, fell on a Saturday (February 5, 2005), the filing of a petition for judicial review on Monday, February 7, 2005, would have been timely under Section 9–737. *See* Rule 1–203(a). As a result, the filing of WMATA's petition on February 8, 2005, was clearly outside the thirty-day time period prescribed by Section 9–737.[5] Accordingly, if Rule 1–203(c) applies, thus adding three days to the thirty days under Section 9–737, WMATA's peti-

---

5. Assuming, *arguendo,* the applicability of Rule 1–203(c), we express no opinion on whether the three-day period should be added before or after the application of the weekend/holiday provision of Rule 1–203(a). In other words, if the three-day period is added before the application of Rule 1–203(a), the last day for filing WMATA's petition under Rule 1–203(c) would have been Tuesday, February 8, 2005, thirty-three days after January 6, 2005; if added after Rule 1–203(a), the last day would have been Thursday, February 10, 2005. *See* PAUL V. NIEMEYER & LINDA M. SCHUETT, MARYLAND RULES COMMENTARY 22–23 (3d ed.2003)(stating that the three-day period should be added after the application of Rule 1–203(a)). In any event, the filing of WMATA's petition in the case *sub judice* was clearly within the three-day extension of Rule 1–203(c), whichever way that extension is computed.

tion was timely filed. If, on the other hand, Rule 1–203(c) does not apply, WMATA's petition was untimely and was subject to dismissal upon a timely filed motion to dismiss.[6]

In *Kamara v. Edison Bros. Apparel Stores, Inc.*, 136 Md. App. 333, 765 A.2d 1005 (2001), this Court addressed the issue of whether Rule 1–203(c) applied to the thirty-day time period for filing an appeal from a final judgment under Rule 8–202. Rule 8–202(a) provides, in pertinent part, that "notice of appeal shall be filed within 30 days *after the entry of the judgment or order* from which the appeal is taken." (emphasis added). We held that Rule 1–203(c) does not apply to extend the time period under Rule 8–202 because "[t]he plain language of Rule 1–203(c) states that it applies to service by mail, not to an entry by the court." *Id.* at 337, 765 A.2d 1005.

Writing for this Court, Judge James R. Eyler reasoned:

> The common sense, ordinary meaning of Rule 8–202, is that a party has thirty days from the entry of judgment to file an appeal. Rule 1–203(c) only applies when service is a prerequisite to triggering the clock. The specific situation posed by appellant was addressed in the oft-relied upon treatise, MARYLAND RULES COMMENTARY, which states:
>
>> It is important to remember that the additional days are tacked onto the required time period only when the running of the period is triggered by *service by mail*. If any event other than service begins the running of the time period, three days are not added, even if mail is used.

*Id.* (Emphasis in original).

Following the teachings of *Kamara*, we would have to conclude in the case *sub judice* that Rule 1–203(c) does not

---

**6.** The thirty-day time period for filing a petition for judicial review is in the nature of a statute of limitations and thus subject to waiver by failure of a party to raise it in the proper manner. See *Colao v. County Council of Prince George's County*, 346 Md. 342, 364, 697 A.2d 96 (1997) (stating that "the 30–day requirement for filing the petition [is] in the nature of an absolute statute of limitations, subject to waiver by failure of a respondent to raise the defense in a proper manner but not subject to discretionary extension . . .").

apply to Section 9–737, because service by mail does not commence the running of the thirty-day appeal period under Section 9–737; rather, the "date of the mailing" does. In other words, Rule 1–203(c), by its plain language, applies only to "service . . . by mail," not to the "date of the mailing."

It could be argued, however, that these phrases are different in form, but not in substance. *See Shafer v. Job Service North Dakota,* 464 N.W.2d 390, 391 (N.D.1990) (stating that the phrases " 'after the date of mailing' " in the pertinent statute, and " 'after service of a notice' " in North Dakota Rule of Civil Procedure 6(e) "address the same event, the mailing of a document"). To properly address this argument, we need to consider the purpose underlying Rule 1–203(c).

Service of pleadings and papers other than original pleadings is governed by Maryland Rule 1–321. Under Rule 1–321(a), service can be accomplished in one of two ways: "by delivery of a copy or by mailing it." Delivery includes, among other things, "handing it to the attorney or to the party; or leaving it at the office of the person to be served with an individual in charge." *Id.* Service by mail, on the other hand, "is complete upon mailing." *Id.* Consequently, when there is a prescribed time period for a party to act after service of a pleading or other paper, the actual time period available to that party will be different based upon the mode of service employed. An example of this difference is set forth in the commentary on Rule 1–203(c) in the MARYLAND RULES COMMENTARY:

> Rule 2–311(b) requires that a response to a motion be filed within 15 days after service of the motion. . . .
>
> If the party filing a motion serves it by mail, as is the common practice, service of the motion is complete upon mailing. *See* Rule 1–321(a). If the moving party deposits the motion in the mail box on April 5, and it is delivered by mail to the responding party on April 8, in the absence of section (c) of this rule, the responding party would have until April 20 to file a response, or a period of 12 days

instead of 15. Several days of the response time would be consumed by the period of time for mailing.

PAUL V. NIEMEYER & LINDA M. SCHUETT, MARYLAND RULES COMMENTARY 21 (3d ed.2003).

 Rule 1–203(c) thus alleviates the loss of time when service is made by mail "by permitting the responding party to add three days to the time for responding if service has been accomplished by mail." NIEMEYER & SCHUETT, MARYLAND RULES COMMENTARY, at 21. Therefore, the purpose of Rule 1–203(c) is to provide an equalization factor, so that when a pleading or other paper is required to be served upon a party, the actual time for a response will be the same, regardless of the manner of service.

On the other hand, when the statute or rule in question specifies only one event that triggers the running of the prescribed period, there is no necessity for applying Rule 1–203(c) to equalize the time period for a party to respond. All responding parties have the same amount of time from the triggering event within which to act. Consequently, when the prescribed time period under a rule or statute is commenced by an event other than service by mail, such as *entry* of an order or the *filing* of a pleading, "an extra three-day period [under Rule 1–203(c)] is not allowed." NIEMEYER & SCHUETT, MARYLAND RULES COMMENTARY, at 22. *See also Kamara,* 136 Md.App. at 338, 765 A.2d 1005 (stating that "Rule 1–203(c) only applies when service triggers the clock"); 86 C.J.S. *Time* § 15 (2007) (stating that "where the time period is commenced by an act other than service, the statute or rule does not operate to extend the filing deadline"); *Martin v. Lesko,* 133 Ohio App.3d 752, 729 N.E.2d 839, 841 (1999) (holding that the rule allowing three additional days does not apply to a time period commenced by "the filing of a document with the clerk"); *Columbia Glass and Window Co. v. Harris,* 945 S.W.2d 5, 6 (Mo.Ct.App.1997) (holding that the three-day extension rule does not apply to the ten-day period "after the judgment is rendered").

■ With the purpose of Rule 1–203(c) in mind, we are of the view that the triggering event under Section 9–737, to wit, "the date of the mailing," is substantially different from "service ... by mail" under Rule 1–203(c). The "date of the mailing" is the singular event from which the thirty-day appeal period is measured. All persons entitled to appeal an order of the Commission have exactly the same amount of time in which to note an appeal. Rule 1–203(c) is not needed to equalize the actual time within which an appeal can be noted. Because Section 9–737 does not require service of the Commission's order to initiate the thirty-day appeal period, no person entitled to appeal will have a time advantage because of service by personal delivery, as opposed to service by mail. Therefore, both the language and purpose of Rule 1–203(c) lead us to conclude that Rule 1–203(c) does not apply to Section 9–737, and thus the thirty-day appeal period under Section 9–737 is not extended by the three days provided under Rule 1–203(c).

Our conclusion is supported by the case law interpreting Federal Rule of Civil Procedure ("FRCP") 6(e), which is the federal analogue to Maryland Rule 1–203(c). When Rule 1–203(c) was adopted by the Court of Appeals in 1984, its language was virtually identical to the language of FRCP 6(e) in effect at that time.[7] In *Carr v. Veterans Administration,* 522 F.2d 1355, 1356–57 (5th Cir.1975), the United States Court of Appeals for the Fifth Circuit was called upon to determine whether FRCP 6(e) extended the statutory time period for initiating a tort claim against the United States. In *Carr,* the appellant "filed an administrative tort claim, alleging medical malpractice, with the Veterans Administration." *Id.* at 1356. The final denial of the appellant's claim was mailed by the

---

**7.** The source note to Rule 1–203 states that section (c) "is new and is derived from the 1971 version of [FRCP] 6(e)." The 1971 version of FRCP 6(e) reads as follows:

 **(e) Additional Time After Service by Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

agency to the appellant's attorney on February 5, 1973. *Id.* The appellant filed her complaint in the District Court on July 27, 1973, and the U.S. Marshal served the U.S. Attorney on August 7, 1973. *Id.* Under the Federal Torts Claims Act, 28 U.S.C. § 2401(b), the appellant was required to begin her court action by serving the U.S. Attorney "within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." *Id.* at 1357 n. 2.

The appellant argued that "the six-month period is extended by three days, under the provisions of [FRCP] 6(e), because its commencement is triggered by a mailing[.]" *Id.* (footnote omitted). The Fifth Circuit rejected this argument and said:

. [W]e hold that Rule 6(e) does not apply to modify the period during which notice must be given in this case. The prescribed period of limitations commences with the "date of mailing" and not with the "service of a notice or other paper" as required for Rule 6(e) to apply. **Our reluctance to deviate from the strict language of Rule 6(e) in the context of a suit against the government is supported by the probable purpose of Rule 6(e): to equalize the time for action available to parties served by mail with that afforded those served in person. This purpose is not relevant here where the period during which notice must be provided commences in the same way for all claimants.**

*Id.* at 1357 (citations omitted)(emphasis added).

The holding in *Carr* has been followed by the United States Court of Appeals for the Ninth Circuit in *Hatchell v. United States,* 776 F.2d 244, 246 (9th Cir.1985), and more recently by the United States District Court for the Middle District of Alabama in *Chandler v. United States,* 846 F.Supp. 51, 53–54 (M.D.Ala.1994). Both *Hatchell* and *Chandler* involved the application, *vel non,* of FRCP 6(e) to the requirement of the Federal Tort Claims Act of initiating a lawsuit within six months "after the date of mailing." 28 U.S.C. § 2401(b). Therefore, the "three days will be added under Rule 6(e) only when the period in question is measured from the service of a

notice or other paper; the subdivision is inapplicable when some other act or event commences the time period." CHARLES A. WRIGHT & ARTHUS R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1171, at 588 (3d ed.2002).

We would be remiss if we did not stress the importance of the language used in the statute or rule when determining whether Rule 1–203(c) extends the prescribed time period. Different words in different statutes or rules can lead to opposite results. For example, in *Shafer* the appellant sought judicial review of a decision of Job Service, a North Dakota administrative agency. Under the applicable statute, a judicial review of that agency's decision would be obtained by "filing a petition for review within thirty days *after the date of mailing of the [agency's] decision . . . or in the absence of mailing,* within thirty days *after delivery of the decision to the party.*" 464 N.W.2d at 390 (emphasis added)(quotation omitted). The issue before the Supreme Court of North Dakota was whether North Dakota Rule of Civil Procedure ("NDRCP") 6(e), which is substantially the same as FRCP 6(e) and Maryland Rule 1–203(c), applied "to add time to file a petition for review." *Id.* at 391. The Court held that NDRCP 6(e) did apply to extend the thirty-day appeal period and, in so doing, distinguished the Fifth Circuit's decision in *Carr.* The Court stated that the purpose of NDRCP 6(e) is " 'to equalize the time for action available to parties served by mail with that afforded those served in person.' " *Id.* at 392 (quoting *Carr,* 522 F.2d at 1357). The Court continued:

The federal scheme may provide for only mailed notification, as it does with the Federal Tort Claims Act interpreted in *Carr,* and the purpose of the rule is therefore not applicable to that circumstance. Section 52–06–27 provides for notification by Job Service either personally or by mail. It therefore pleads for the application of [NDRCP] 6(e), a rule whose purpose is to equalize the time for action available to a party served by mail with that of one served personally.

*Id.* at 391–92 (citations omitted).

In the recent case of *Centre Insurance Co. v. J.T.W.,* 397 Md. 71, 916 A.2d 235 (2007), the Court of Appeals considered

two petitions for judicial review from decisions of the Maryland Insurance Administration (Case No. 52 and Case No. 56). Under Maryland Code (1995, 2003 Repl.Vol.), § 2–215(d) of the Insurance Article, a petition for judicial review shall be filed "within 30 days after[ ] . . . the order resulting from the hearing was served on the persons entitled to receive it." Section 2–204(c) of the Insurance Article provides for service by "mailing" or "otherwise delivering it to the person." Unlike the case *sub judice*, the issue before the Court of Appeals was "*when* the 30–day time period for filing a petition begins under § 2–215(d)"—the date of the mailing or the date of receipt by affected party. *Id.*, at 78–79, 916 A.2d at 239 (emphasis in original). The Court held that "the 30–day filing period for a petition for judicial review of an administrative decision under §§ 2–204(c) and 2–215(d)(1) begins when the order resulting from a relevant administrative hearing is *mailed.*" *Id.*, at 72, 916 A.2d at 236 (emphasis in original).

Nevertheless, the Court of Appeals in *J.T.W.* identified, but did not decide, the precise issue presented by the instant appeal. In one of the petitions for judicial review (Case No. 56), the administrative decision was mailed on October 18, 2005, and the petition was filed on November 18, 2005, which was thirty-one days after the date of mailing. In two footnotes in its opinion, the Court made the following comments:

[Footnote 3] No argument has been raised as to timeliness under the "General Provisions" of Maryland Rule 1–203(c). That rule, if applicable at all, would have no effect on Case No. 52. Nowhere in the record have we found that J.T.W. brought the provisions of Rule 1–203(c) to the attention of the trial judge. Additionally, he did not raise it before this Court. Accordingly, we do not address it in this case.

\* \* \*

[Footnote 12] Again we note that J.T.W. did not raise below, or in this Court, the impact, if any, that Maryland Rule 1–203(c) might have, or the conflict, if any, between the rule and the statute, in respect to case No. 56. Accordingly,

we also do not consider that general rule in our resolution of case No. 56.

*Id.,* at 72, 78, 916 A.2d at 236, 239.

Given the plain language of (1) Section 2–215(d), which specifies the triggering event for the thirty-day appeal period as service of the administrative order, and (2) Section 2–204(c), which authorizes service by mailing or personal delivery, a strong case can be made for the application of Rule 1–203(c) to Section 2–215(d) to extend the appeal period by three days when service is accomplished by mailing. That issue, however, is left for another day.

In sum, Rule 1–203(c) provides for a three-day extension to a prescribed period within which a party has a right to act when the prescribed period commences "after service upon the party" and "service is made by mail." The commencement date for the prescribed period within which to file a petition for judicial review under Section 9–737 of the Labor and Employment Article is "the date of the mailing of the Commission's order." Based on the plain language and purpose of Rule 1–203(c), as well as case law precedent in Maryland and the federal courts, we hold that Rule 1–203(c) does not apply to Section 9–737 of the Labor and Employment Article to extend the thirty-day period for filing a petition for judicial review of an order of the Commission. Accordingly, WMATA's petition for judicial review, having been filed one day after the expiration of the thirty-day appeal period under Section 9–737, was untimely and should have been dismissed.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS APPELLEE'S PETITION FOR JUDICIAL REVIEW AND REMAND THE CASE TO THE WORKERS' COMPENSATION COMMISSION. APPELLEE TO PAY COSTS.**