**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1103**

NICOLE ANDREA SMITH; JACQUELINE KIANA MORANT; AMY TOWSON; SARA GARRET; ONNADAY MCINTOSH-GRIGGS; STEPHANIE HARRIS; TAKIRA CARTER; LYNETTE COOPER; SHANAE BARNES; CELESTE ENGLISH; MYRTLE GILBERT; TOWANDA PARKER; TRACEY HOLDEN; ROSENA PRINCE; LASONIA GILBERT; DETRIA ADAMS; SIERRIA WARREN; SHANAE BOLES; KHRYSTYNA KELLEY, All of the above Individually Named Plaintiffs On Behalf of Themselves and all Other Similarly Situated,

Plaintiffs - Appellees,

and

VITINA YVETTE THOMAS,

Plaintiff,

v.

HOUSING AUTHORITY OF BALTIMORE CITY; PAUL T. GRAZIANO, Baltimore City Housing Commissioner and Executive Director of the Housing Authority of Baltimore City; THE CITY OF BALTIMORE; MAYOR AND CITY COUNSEL OF BALTIMORE; CHARLES COLEMAN, a/k/a Clinton Coleman; DOUG HUSSY; MICHAEL ROBINSON; DOUG HUSSEY,

Defendants - Appellees,

and

CLINTON COLEMAN; MICHAEL ROBERTSON,

Defendants,

v.

PHOENICIA HARRELL,

        Movant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:15-cv-02921-GLR)

———————————

Submitted: July 31, 2017                            Decided: September 11, 2017

———————————

Before WILKINSON, TRAXLER, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Landon M. White, LAW OFFICE OF LANDON M. WHITE, LLC, Baltimore, Maryland, for Appellant. Cary J. Hansel, Erienne A. Sutherell, HANSEL LAW, PC, Baltimore, Maryland; Carrie Blackburn Riley, BLACKBURN RILEY, LLC, Baltimore, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phoenicia Harrell appeals from the district court's order denying her motion to compel intervention into a class action. On appeal, Harrell contends that the district court erred in not compelling Class Counsel to produce documents regarding absent class members who were rejected due to lack of a phone interview and that the district court erred in not decertifying the class due to inadequate notice to Harrell and others. We find that, because Harrell's registration form was untimely filed, the district court correctly denied her motion.

At the core, Harrell is alleging that she (and other potential class members) did not get proper notice that a phone interview needed to be completed by August 26, 2016, in order to qualify as a member of the class. However, it is undisputed that, in order to properly register as a member of the class, the written registration form was due by August 26, 2016. It is further undisputed that Harrell's form was postmarked August 26, but not received until after that date. In an effort to show that her registration was timely filed, Harrell relies on the mailbox rule, arguing that her registration was timely postmarked. *See Cochran v. Norkunas*, 919 A.2d 700, 714 (Md. 2007) ("The well established rule is that in the absence of any limitation of provision to the contrary in the offer, the acceptance of the offer is complete and the contract becomes binding on both parties when the offeree deposits the acceptance in the post box."). She also cites Md. Rule 1-203(c), which provides three extra days due to notice being delivered by mail.

The mailbox rule applies specifically to the acceptance of a contract offer through the mail. *See Cochran*, 919 A.2d at 714-15. Here, Harrell's registration form did not

3

complete a contract, whereby she became a member of the class. Instead, it is undisputed that Harrell was not a member of the class until her application was reviewed, she was interviewed, and she was approved. Thus, no contract was formed by her registration, and the mailbox rule is therefore inapplicable. Further, Md. Rule 1-203(c) is also inapplicable, as the registration period begins with the mailing of the class notice, rather than "service." *See Chance v. Washington Metro. Transit Auth.*, 920 A.2d 536, 542-44 (Md. Ct. Spec. App. 2007) (noting further that Rule is inapplicable where all residents were notified by mail and there was, thus, no need for an "equalization factor"). Accordingly, the district court properly found Harrell's registration to be untimely.

Thus, Harrell's challenge to the district court's denial of her request for discovery regarding the phone interviews is irrelevant. That is, even if numerous other potential class members were rejected because they did not complete their phone interviews by August 26, this does not change the fact that Harrell did not timely file her written registration form. Accordingly, error in the notice or discovery process, if any, was harmless.

Likewise, Harrell's second issue is equally irrelevant. It appears that Harrell is arguing that she was not notified of her rejection from the class until the court had already closed the case, thus preventing her ability to challenge the rejection and uncover other improperly rejected applicants. However, it is undisputed that Harrell was informed of the final fairness and approval hearing, as well as her ability to appear at the fairness hearing or file objections the settlement agreement. Harrell was also given notice of how to ask questions or get more information, and she could have easily

4

determined the status of her application prior to the fairness hearing. It is further undisputed that Harrell did not object to the settlement agreement or the fairness hearing.

In any event, given that Harrell did not timely file her registration form, she was not prejudiced by the timing of the rejection notice. Had she been notified prior to the fairness hearing and appeared at the fairness hearing to object, the result would have been identical. The issues were fully briefed in Harrell's motion to compel, and the district court concluded that Harrell's application was untimely filed and that she failed to show any excusable neglect. Thus, the procedural errors, if any, were merely harmless.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*